ALBERT RICCI, JR. *et al. vs.* ZONING BOARD OF REVIEW OF THE CITY OF CRANSTON.

JULY 9, 1946.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CAPOTOSTO, J.  This is a petition for writ of *certiorari* under §8, chapter 342, general laws 1938, whereby the petitioners seek to review and revise the decision of the zoning board of review of the city of Cranston, denying their application for an exception under the zoning ordinance of that city.  The respondent board has certified to us, pursuant to the writ, the record of its proceedings relating to such application.

The premises in question, according to the plat in evidence, comprise three lots of land in the city of Cranston, each having a frontage of 40 feet on the westerly side of Broad street and a depth of about 120 feet westerly therefrom.  Respectively within 100 feet from the most northerly and the most southerly boundaries of these lots, two public highways, Sefton drive and Strathmore road, run into Broad street from the east.  The lots are admittedly in a dwelling house district, as defined in section 2 A. of chapter 28 of the zoning ordinances of the city of Cranston, as amended by section 1 (b) of ordinance No. 9, which was passed June 15, 1945.  On November 1, 1945, the petitioners filed with the respondent board their application for an exception from the provisions of the ordinance seeking permission to erect and operate a gasoline station on the above-described premises.

It appears in the record that the lots were bought in 1928 by Francesco Ricci, at which time they were already in a dwelling house district, according to the ordinance then in force.  Some time before the application under considera-

tion was filed with the board, he transferred the lots to his son and grandson, the petitioners in this case. When Francesco bought the lots he knew that the land was "quite low"; that it was "soft" and that he had to put in considerable filling to bring it up to its present grade. In so far as the use of the lots is concerned, all three of the Riccis testified that because of the soft and wet condition of the land it was undesirable for home sites.

The only other witness for the petitioners was a real estate broker, who testified that, in his opinion, the lots were not suitable for residential purposes because they were too low and too damp; and that a gasoline station would not adversely affect the surrounding property. In the course of his testimony this witness admitted that to the north of the lots in question there was some land, formerly known as the Potter estate, which was in part originally comparable in character with petitioners' land and which a Mr. Doyle developed into new home sites. In answer to questions from a member of the board, he further admitted that, after filling and grading the land, Doyle had no trouble in there with water.

Five owners of homes in the immediate vicinity of the lots in question appeared, either in person or by attorney, in opposition to the application of the Riccis for an exception. The substance of their testimony was that they had built or purchased their respective homes in that neighborhood relying on the fact that the zoning ordinance placed their property in a residential district; that the erection of a gasoline station on the Ricci land would tend to increase the dangers from traffic, seriously affect their comfort, and permanently injure their property; and that Francesco Ricci had bought the land after the zoning ordinance had been adopted by the city of Cranston.

The board, which stated in its decision that it had viewed the premises, denied and dismissed, on the following grounds, the application of the Riccis for an exception: (1) That, since the adoption of the zoning ordinance, there had

been no change in the character of the neighborhood which would warrant granting the exception; (2) that the use of the Ricci land as a gasoline station would not be in harmony with the general character of the neighborhood and that such use would substantially and permanently injure neighboring property; (3) that there was no need of another gasoline station to serve adequately the needs of that neighborhood; and (4) that there was no evidence of unnecessary hardship upon the applicants, but that, on the contrary, their property could be devoted to other beneficial uses, if they so desired. The board therefore was of the opinion that the public convenience and welfare would not be served by granting the exception.

The application under consideration was addressed to the board's sound discretion. Our examination of the record in this case fails to convince us that the respondent board acted arbitrarily or abused its discretion. *Spirito* v. *Zoning Board of Review of Cranston*, 64 R. I. 411. There is no evidence showing that the use of applicants' land for a gasoline station was the only beneficial use for which it was reasonably suitable. It seems to us that the real difficulty confronting the Riccis in this case is that of filling the land and perhaps of waterproofing the substructure of any building that might be erected on the premises in accordance with the zoning ordinance. Mere inconvenience or additional expense necessary to make the land available for beneficial uses within the scope of the ordinance will not warrant us in holding that, in the circumstances of this case, the decision of the board was arbitrary or contrary to law.

The petition for *certiorari* is denied and dismissed, the decision of the respondent board is affirmed, and the papers are ordered to be sent back to the respondent board.

*James L. Taft,* for petitioner.

*Richard F. Canning,* City Solicitor of Cranston, for respondents.