LEWIS A. TAFT *et al. vs.* ZONING BOARD OF REVIEW OF THE CITY OF WARWICK.

MARCH 15, 1950.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

FLYNN, C. J.   This is a petition for certiorari to review and quash the respondent board's decision granting an application for a variance under the zoning ordinance of the city of Warwick to permit substantial alterations of a nonconforming use in a residential district into a dwelling. Pursuant to the writ the board has made a return of its records including a general summary of the evidence upon which it based its decision.

The case was previously before this court, *Taft* v. *Zoning Board of Review,* 75 R. I. 117.   At that time the owner of the lot here involved had received a permit from the building inspector to structurally alter a garage or storage shed without first obtaining from the board an exception or variance and without otherwise conforming to the zoning restrictions for a residential B district in which the lot was located.   When the board, on the appeal of these petitioners, sustained the issuance of such permit a writ of certiorari was sought in this court and after a hearing the decision of the board was quashed.

Thereafter an application was filed for a variance to

"convert present building into a single family dwelling" by changing, as substantially had appeared in the quashed permit, "flat roof into a pitch roof, adding windows and doors, and interior changes." After a hearing at which the applicant, petitioners, and other witnesses for and against the granting of such application gave testimony, the board unanimously granted the variance subject to a certain condition or safeguard. The present petition for certiorari seeks to quash that decision as arbitrary and unlawful.

According to the record returned to this court by the respondent board the following facts appear. The applicant for a variance owned a lot in the city of Warwick which fronted 50 feet on Hollywood avenue and contained approximately 6091 square feet in area. Close to the division line between it and the petitioners' adjoining land there was a frame building used as a garage or storage shed. The building was located on the premises when the zoning ordinance became effective. The applicant's lot and the petitioners' land are both in a residential B zoning district according to such ordinance, which among other restrictions requires that a lot must have 70 feet frontage and at least 7000 square feet in area for each single dwelling; and that there must be not less than 8 feet on each side yard and a setback of 25 feet from the street.

The application for a variance did not state, as requested by question 12, whether plans were submitted to the inspector of buildings, and no plans or specifications were attached thereto or appear in evidence. Similarly no provision or regulation of the zoning ordinance or the state enabling act, under which the application was being made, was stated in the application as requested by question 13. However, according to the return of the board the applicant described the alterations he intended to make and testified that the detailed plans had been submitted to the building inspector when the permit was granted.

As shown on the map, which is a part of the sworn petition here and which is not disputed, the building is a frame

structure about 24 by 24 feet and is located on the lot so that the southwesterly corner is 46.50 feet back and the northwesterly corner is 48.70 feet back easterly from Hollywood avenue. The dimensions given in the previous case apparently included an enlargement as then proposed. The northwesterly corner of the building is only three quarters of an inch from the division line of petitioners' land and the northeasterly corner of the building is 2.9 feet therefrom.

Apparently after issuance of the permit, pursuant thereto, and before petitioners took their appeal therefrom to the board in the first case, the applicant had made some improvements at a cost of $500, according to his testimony. Some of the witnesses, including the applicant, testified that the change would not harm but would benefit the general appearance and valuation of property in the neighborhood while others, including the petitioners, agreed in some respects but otherwise testified to the contrary.

The board by a unanimous decision granted the variance to the applicant but added the following condition: "That a safeguard, satisfactory to the building inspector shall be attached to the building in such a manner as to prevent rain or snow from overflowing onto adjacent property." It expressly found therein that "it would be a hardship on the owner to deny this petition"; and that a residence would improve the appearance, "tending to enhance the property valuation of this neighborhood by making it more in keeping with the general character of a residential area." The decision also set forth the findings and reasoning that led the board to its conclusion.

The petitioners now contend that the hearing and decision of the board were arbitrary and capricious; that the application was irregular and insufficient to support the decision; and that such decision was unconstitutional and in violation of law in that in effect it gave the applicant substantially a vested interest amounting to a right to commit a nuisance by continuing trespasses on the petitioners' land. Subsidiary contentions are made to the effect

that the board misconceived certain parts of the evidence and overlooked certain other requirements of the zoning law; and also that the safeguard or condition is vague and personal whereas it should be definitely determined by the board and affixed to the *use* of the land.

On the other hand it is contended that, having heard the previous case, all parties including the board were familiar with the proposed alterations and the provisions of the ordinance which were not specifically stated in the answers in the application; that all were aware of such plans and specifications from the alterations proposed in the first case; that the irregularities in the application, if any, were not unusual and in any event were not fatally prejudicial; that the safeguard was fixed by the board and is sufficiently clear; and that the evidence supported the findings and reasoning of the board in its decision granting the application with the safeguard as above quoted.

In view of the board's unquestioned familiarity with the location and with the peculiar circumstances surrounding the travel of the case, as well as the fact that all parties were given and took advantage of the opportunity at a hearing to present evidence for and against the application, we are of the opinion that any irregularities in the application and hearing were formal, or were substantially waived, or at least were not fatally prejudicial to the petitioners here; and also that the board's decision apparently was not intended to and did not give the applicant a substantial vested interest amounting to a right to commit a continuing trespass or nuisance, as petitioners contend.

In our opinion the real questions raised by petitioners' argument are whether there is any evidence to support the board's finding that a denial would cause unnecessary hardship to the applicant; and if so, whether the condition imposed is adequate and reasonable.

The record is not as complete as it might be. Each of the parties asserts facts and makes arguments thereon which do not appear to be supported by the evidence as returned

by the board. In the circumstances we must decide the issues of the instant case solely on the record before us. From that record it is clear, and the parties expressly agree, that the application was filed, heard and decided as one for a variance to permit the substantial structural alterations therein set forth rather than as an application for an exception. All agree, therefore, that the burden was on the applicant to establish that the grant of his application "will not be contrary to the public interest where owing to special conditions a literal enforcement of the provisions of the Ordinance will result in unnecessary hardship and so that the spirit of the Ordinance shall be observed and substantial justice done." City of Warwick Zoning Ordinance, section XV, subsec. A (3) (e).

The board found that the applicant had sustained this burden and set forth in its decision the reasoning by which it came to that conclusion. On the question of the proof of unnecessary hardship there is little to support such reasoning and conclusion. For instance, the first finding states that "The owner cannot move the building back on the lot" because "This lot, immediately to the rear of the building, drops off abruptly to a depth of approximately 10 feet or more making it impractical to fill to grade." But we have held that the mere inconvenience or expense of filling a depression to bring it to grade would not of itself necessarily amount to undue hardship or make impracticable its proper use within the restrictions of the zone in which it was located. See *Ricci* v. *Zoning Board of Review,* 72 R. I. 58, 61. However, even if it were impracticable to move the building to the rear a finding of undue hardship would not necessarily follow unless there was not sufficient room to move the building forward, or laterally, or both.

The board's second finding is to the effect that the area in front of the building is not sufficient "to allow erection of a dwelling * * *." But the plan, which is not disputed in the record before us, shows that the front of the build-

ing is located at least 46 to 48 feet back from the street and that the lot is 50 feet wide. That finding of the board, therefore, appears to be inconsistent with the actual fact as shown on the plan. It is true there are findings on other issues, but without these two we have serious doubt whether there is any evidence in the record to support a conclusion that the denial of the application would deprive the applicant of all reasonable use of his property, or would result in unusual or unnecessary hardship as contemplated by the ordinance.

However, a majority of the court from a consideration of all the evidence believe that the board, because of its peculiar knowledge of the case and the special circumstances then existing, was warranted in finding, at least by reasonable inference, in favor of the applicant's contention. On such an interpretation of the evidence we cannot say that the board's finding as to the proof of unnecessary hardship is wholly without evidence to support it. If there is such evidence we shall not stop in a proceeding on certiorari to weigh it.

The remaining and controlling question is whether the condition or safeguard imposed by the board is adequate and reasonable in the circumstances. The petitioners contend that it is too vague and that its definition is delegated to the inspector's personal discretion whereas the board should have made a definite determination and attached it to the *use* of the property. This argument is not without considerable force but we think that the real vice, according to the record and the reasoning of the board in its decision, is that the condition so imposed is not adequate in the circumstances.

The board did not find that the applicant was entitled to a variance without any condition. In fact, a condition was actually imposed as a safeguard. It is clear from the reasoning of the board that it did not order a moving of the building to conform entirely to the restrictions of the ordinance because of its finding that there was insufficient

available area to so move the building. There is no evidence, however, that the area was not available or was insufficient to permit moving the building to some extent, or that in the existing circumstances a moving of it slightly from its present position was impossible or otherwise unreasonable.

Therefore according to the record before us and the reasoning appearing in the decision, we are of the opinion that the condition imposed by the board as a safeguard is inadequate and unreasonable; and that the condition affixed to the granting of the variance should have required the applicant to move the building so that no part thereof would be closer to the petitioners' land than 2.9 feet, as it is now at the rear or northeast corner. Such condition is hereby substituted as a safeguard in place of the one imposed by the board.

The petition for certiorari is granted, and the decision of the respondent board, so far as it relates to the condition or safeguard, is quashed. The records and papers in the case are ordered sent back to the respondent board with direction to substitute the condition as determined in this opinion for the condition fixed by the board.

*Edmund J. Carberry, Jr., Aram A. Arabian,* for petitioners.

*Hailes L. Palmer,* City Solicitor, for respondent.