ALFONSO CACCIA <i>et ux. vs.</i> ZONING BOARD OF REVIEW OF THE CITY OF PROVIDENCE.

MAY 13, 1955.

PRESENT: Flynn, C. J., Baker, Condon and O'Connell, JJ.

FLYNN, C. J. This is a petition for certiorari to review a decision of the respondent zoning board of review granting an owner's application to be relieved from complying with certain lot coverage restrictions in connection with the proposed erection of a one-car private garage in a residential zoning district. Pursuant to the writ the records of the hearing and decision have been certified to this court.

It appears therefrom that Louis Calcagni and his wife are the owners of a lot located at the northwesterly corner of Sandringham and River avenues in the city of Providence, being designated as lot No. 74 on assessor's plat No. 118. This lot contains about 3,595 square feet of land and its westerly boundary for the full width is adjacent to the easterly side of a lot owned by Alfonso Caccia and Mary Caccia, his wife, who are the petitioners here.

Both of said lots are located in an R-1 residential zoning district wherein a one-family dwelling and an accessory building for a one-car garage are permitted uses. However,

such buildings are subject to certain restrictions as to lot coverage appearing in chapter 36, article IV, sec. 42, par. C. (5), of the city's zoning ordinance which reads: *"Lot coverage.* Not more than thirty percent of the area of a lot may be covered by buildings or structures, provided that such lot coverage need not be reduced to less than eight hundred square feet." Louis Calcagni, one of the owners of the corner lot, is also a builder. He had already constructed on that lot a one-family dwelling pursuant to a permit previously granted by the building inspector. According to the undisputed evidence the main dwelling covered more than 30 per cent of the area of the land.

After the dwelling was completed the instant application was made to the respondent board by Louis Calcagni. It stated the following grounds for the requested exception or variation: "Your petitioner is seeking permission to be relieved from the lot coverage requirements under the Zoning Ordinance in the proposed erection of a one-car private garage to serve the occupant of home newly constructed. I am exceeding the lot coverage by approximately 250 square feet."

At a hearing before the board on such application only two persons appeared in addition to Louis Calcagni and the remonstrants, who were represented by counsel. One of these two witnesses objected to the granting of the application on the ground that the proposed garage would block her kitchen window, while the other favored the granting of the application for reasons that are not important here.

After hearing all the evidence and arguments of counsel for the remonstrants, petitioners here, the members of the board took a special view of the premises and the immediate surroundings. Thereafter a decision was filed granting the application subject to a condition as to the space to be provided between the garage and the boundary line of petitioners' property. The decision apparently is based on a finding that the premises are located on a corner lot; that therefore a variation will not be contrary to the public inter-

est; and that because of such location a literal enforcement of the provisions of the zoning ordinance will result in unnecessary hardship to the applicant. It is the board's conclusion that the spirit of the ordinance would be observed and justice done to adjacent owners if the exterior wall of the proposed garage was placed at least four feet from the rear lot line, and it was so ordered.

The petitioners contend in substance that in the circumstances the board was required to pass on the application as a variation rather than as an exception; that under the enabling act, general laws 1938, chapter 342, it is necessary to show by evidence that a literal enforcement of the ordinance would result in unnecessary hardship; that the applicant made no such claim before the board; that there was no substantial evidence to support such a finding; and that therefore the decision is without supporting evidence and the board abused its discretion.

Counsel for the board apparently concedes that there is no provision in the ordinance for an exception as to these lot coverage restrictions and that the board was required to treat the application as one for a variance rather than an exception. However, he appears to argue as if the board was authorized nevertheless to grant an exception. In other words he fails to meet the issue presented by petitioners, namely, whether there is evidence of undue hardship sufficient to meet the test described and applied in *Heffernan* v. *Zoning Board of Review,* 50 R. I. 26. Most of his argument deals with the result of the zoning ordinance *if* the applicant had owned a larger lot, or with certain more liberal treatment as to a corner lot *if* it were under a *previous* provision of the zoning ordinance before it was amended, or *if* it were under a subsequent amendment in connection with an increase in permitted use of lot coverage up to 35 per cent, which was not before the board.

From our examination of the reasons given by the board in its decision, the evidence before it in this record, and the argument of its counsel, it would appear that the board was

acting as if it was authorized to grant an exception without regard to evidence establishing the existence of an undue hardship as provided in *Heffernan* v. *Zoning Board of Review, supra.* In that case, which has been followed consistently, the court, at page 30, stated: "We regard the term 'hardship,' as used in the ordinance, to have some reference to the degree of the interference with ordinary legal property rights, and to the loss or hardship which would arise therefrom. We think the expression should be interpreted to refer to a 'hardship' peculiar to the situation of the applicant, which is of such a degree of severity that its imposition is not necessary to carry out the spirit of the ordinance, and amounts to a substantial and unnecessary injustice to the applicant."

The hardship there referred to is one caused by the enactment and effect of the zoning ordinance itself. In the instant case the applicant claimed no such hardship but merely stated that he did not have enough land. But apparently from the map all the lots in this immediate area are of the same general size and shape, and all those owners apparently had respected the restrictions as to lot coverage. Further, the real reason for the applicant not having enough land is that he deliberately built a dwelling that exceeded the maximum of permitted lot coverage, and therefore any present hardship is wholly self-created and not the result of the ordinance.

In our opinion there is force in petitioners' argument that the board, although giving reasons based upon alleged unusual hardship, nevertheless was acting as if it had authority to grant an exception which generally appealed to its sense of justice. The record is not extensive. While the board made findings that would be sufficient under the enabling act and ordinance to grant a variance if there were some proper evidence of unnecessary hardship, we find no such evidence resulting from the imposition of the zoning restrictions of the ordinance on the applicant's lot of land. His difficulty appears to be that he desired to exceed the lot

coverage restrictions for his dwelling, and then upon such a self-created hardship he seeks to be relieved of all restrictions, notwithstanding that his neighbors were forced to comply therewith.

The prayer of the petition is granted, the decision of the respondent board is quashed, and the papers in the case are ordered returned to the board with our decision endorsed thereon.

*Anthony J. Bucci,* for petitioners.

*William E. McCabe, City Solicitor, Harry Goldstein, Ass't City Solicitor,* for respondent.