Mary E. Cole *et al., Members of the School Committee of the City of East Providence vs.* Zoning Board of Review of the City of East Providence.
Providence Country Day School *vs.* Zoning Board of Review of the City of East Providence.

APRIL 18, 1962.

Present: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

ROBERTS, J. These are two petitions for certiorari brought to review a decision of the zoning board of review of the city of East Providence granting an application for permission to use certain land now zoned for residential uses as a parking lot in connection with a proposed shopping center. The writs issued, and pursuant thereto all records pertinent to the matters have been certified to this court.

It appears that the applicant Fred Podren is the owner of a large tract of land in East Providence which contains over thirteen acres and is located at the southwesterly corner of the intersection of Taunton and Pawtucket avenues. That tract is designated as lot 17 of assessor's plat 20. A portion of lot 17, the subject of his application, abuts on

the westerly side of Pawtucket avenue south of the intersection of Taunton avenue for a distance of about 700 feet and has a depth of approximately 100 feet. On the easterly side of Pawtucket avenue opposite the tract in question is the East Providence High School, and to the south of the land in question is the Providence Country Day School.

It further appears that the town council in 1954 amended the zoning ordinance so as to change the zoning classification of substantially most of lot 17 from residential to commercial. It is not disputed that the amendment was designed to permit the erection of a shopping center on lot 17. The town council, however, did not include all of lot 17 in the amendment but excluded therefrom and left in a residential classification the portion of lot 17 now under consideration, referring to the same as a "buffer zone." The application for off-street parking relates to the buffer zone, so called.

The applicant expressly sought permission to use the parcel for "Off street parking for shopping center," and in substance stated that such off-street parking would be necessary to make the development of a shopping center "economically feasible." In his application the applicant did not designate the specific exceptions for which he was applying but did make a reference to sec. 15B of the zoning ordinance wherein are enumerated certain exceptions that the respondent board is authorized to make under prescribed conditions.

The attack of petitioners on the decision of the board is twofold. They contend that when the board purported to grant an exception permitting the applicant to use the buffer zone for off-street parking, it acted in excess of its jurisdiction because no exception of such a nature is authorized in the ordinance. They argue further that the board was without jurisdiction to act upon the application in that it

failed to comply with certain mandatory provisions of the enabling act and of the ordinance which require the giving of prescribed notice concerning the pendency of these applications.

It is clear from the record that the applicant made no request for a specific exception by reference to the ordinance. Rather, as we have noted, he simply asked for an exception and referred in general terms to sec. 15B of the ordinance. It does not otherwise appear from the record that any specific exception was sought. As a general rule when it does not appear from the record that a particular exception authorized in the ordinance is sought, the application is to be treated as one for a variance. *Winters* v. *Zoning Board of Review,* 80 R. I. 275, 278.

In the instant case, however, despite the absence of a request for a specific exception, it is clear from the record that the board dealt with this application as one in which an exception was sought. In acting upon the application it clearly purported to grant an exception. In its decision the board stated expressly that it was acting "to grant the petition for an exception permitting the petitioner to use the 'A' zoned portion of Lot 17 for off-street parking with the following terms and conditions * * *." The board then went on to prescribe some rather substantial conditions on the use of the buffer zone for such parking and to make an express finding as to its compliance with the conditions precedent to an exercise of its authority to make an exception pursuant to the terms of the ordinance. See *Hazen* v. *Zoning Board of Review,* 90 R. I. 108, 155 A.2d 333.

That the making of an exception was its purpose is made clear by the language used in granting the exception: "* * * the public convenience and welfare will be substantially served and the use of the neighboring property will not be substantially or permanently injured." It being clear then that the board intended to make an exception pursuant to

the ordinance but did not specify the precise exception so made, it is our opinion that the case must be reviewed by this court in the light of such intention.

The power of a zoning board of review to make exceptions to the terms of a zoning ordinance is controlled by the pertinent provisions thereof. *Lough* v. *Zoning Board of Review,* 74 R. I. 366. The enabling act, G. L. 1956, §45-24-13, requires the local legislatures to provide for the selection and organization of boards of review and for the establishment of exceptions to the terms of the ordinance to be made by such boards of review. In §45-24-19 of the enabling act the powers of a board of review are specifically enumerated, and included therein is the power to hear and decide special exceptions to the terms of the zoning ordinance "upon which such board is authorized to pass under such ordinance."

The restriction of the exception-making power of a board of review to exceptions that are prescribed in the ordinance by the local legislature is well settled with respect to those municipalities that enact the zoning ordinances pursuant to the terms and provisions of the general enabling act, G. L. 1956, chap. 24 of title 45. In *Harrison* v. *Zoning Board of Review,* 74 R. I. 135, referring to the scope of the exception-making powers of boards of review, this court said at page 139: "* * * the board are restricted in their field of action to such special exceptions as the ordinance prescribes, but the board's exercise of that power in accordance with the ordinance is not circumscribed or controlled by any standards set up in the enabling act. Apparently the state legislature left that matter to the prudence and good judgment of the local legislative body * * *."

When the instant case is viewed in this light, we are of the opinion that the controlling question therein is whether the local legislature, in prescribing any exception which it authorized this board of review to make, prescribed an ex-

ception that could reasonably be held to permit land zoned for residential uses to be used for off-street parking to service the needs of a shopping center.

The applicant argues that the board granted a special permit use pursuant to the provisions therefor contained in sec. 5A of the ordinance. The board is authorized in sec. 15B (1) to grant such special permit uses in the same manner and form as it makes special exceptions. However, we are unable to agree that the board granted such a special permit use here. We have closely scrutinized the special permit uses as they are enumerated in sec. 5A and are constrained therefrom to conclude that none can reasonably be construed as contemplating the grant of permission to use land zoned for residential purposes as an off-street parking lot servicing a shopping center. Neither can we agree that *Barbara Realty Co.* v. *Zoning Board of Review,* 87 R. I. 100, stands for the proposition that a board of review may by making an exception permit such a use of land zoned for residential purposes unless such action is expressly prohibited by the terms of the ordinance.

It is our further opinion that none of the special exceptions enumerated in sec. 15B of the ordinance is susceptible of being construed reasonably as authorizing the board of review to permit the use of residential property for off-street parking servicing a shopping center. The granting of such a use, in our opinion, is not authorized under any exception enumerated in sec. 15B. All of the exceptions prescribed appear to contemplate reasonably specific situations in which the relief provided for therein may properly be granted a landowner. We are of the opinion that for this court to construe any of these provisions so broadly as to warrant the granting thereunder of the permission granted in the instant case would, in effect, be a substitution of our will for that of the local legislature.

After analyzing the record it is our opinion that the board, assuming that it had a wide latitude under the ordinance

to act by way of exception to alleviate the traffic conditions that accompany the operation of a shopping center, granted the instant permission, purporting to exercise its exception-making power.

This is a misconception of the purpose of zoning legislation. The zoning power was never intended to be employed for the purpose of alleviating such traffic problems as arise by the reason of a particular use of land abutting on highways. It is true that a long-standing practice of the bar has been to attempt to establish that to grant a change in the authorized use of particular land would create traffic problems in order to prove that the making of such a change would be contrary to the public interest. However, to exercise the zoning power in any of its aspects to the end that a traffic condition would be alleviated would be to illegally use that power. See Goudailler v. Zoning Board of Review, 86 R. I. 427.

The contention that the respondent board granted a variance in this case under the pertinent provisions of the enabling act is not persuasive. However, if we assume without deciding that the board did purport to exercise its authority to grant a variance, it is clear from the record that the absence of evidence probative of the unnecessary hardship contemplated in the statute would make this decision arbitrary and constitute an abuse of the board's discretion. We find nothing in the instant record that tends to prove that a literal enforcement of the zoning classification here under consideration would have the effect of depriving the owner of all beneficial use of his land.

We are of the opinion that the board was without authority to permit, in an exercise of its exception-making power, the use of the land under consideration for off-street parking, and conclude that the decision was made in excess of the jurisdiction of the board and is illegal. Because we take this view, it will not be necessary that we pass upon

the petitioners' contention that the board was without jurisdiction to hear and determine the petition by reason of its noncompliance with the provisions of the enabling act and the ordinance prescribing the notice that is to be given concerning the pendency of such an application.

In each case the petition for certiorari is granted, the decision is quashed, and the records certified to this court are ordered returned to the board with our decision endorsed thereon.

Powers, J. concurs in the result.

*Harry Goldstein,* for petitioners Mary E. Cole et al.

*Hinckley, Allen, Salisbury & Parsons, Matthew W. Goring, Frank L. Hinckley, Jr.,* for petitioner, Providence Country Day School.

*Sarkis Tatarian,* City Solicitor, for City of East Providence, for respondent.

*Archie Smith,* for Fred Podren, Applicant, as amicus curiae.