207 A.2d 34 (1965)
John SOMYK
v.
ZONING BOARD OF REVIEW OF the TOWN OF LINCOLN.
M.P. No. 1547.
Supreme Court of Rhode Island.
February 10, 1965.
Edmund A. Baldi, North Providence, for petitioner.
Harry W. Asquith, Town Sol. of Town of Lincoln, for respondent.
POWERS, Justice.
This is a petition for certiorari to review the action of the respondent board in denying an application for a variance from the terms of the zoning ordinance. We issued the writ and in response to its mandate the pertinent records were duly certified to this court.
It is established thereby that in September 1961, petitioner purchased from the town of Lincoln a certain parcel of land with a two-story wooden building thereon formerly used as a schoolhouse. Significantly, the price paid by him does not appear in the record. The lot is located on the westerly side of Smithfield avenue in a district zoned general residence. It consists of 13,482 square feet, is bounded on the east for 101.76 feet by said avenue, on the north for 124.77 feet by Warren street, and is designed as lot No. 63 on assessor's plat No. 6.
On November 26, 1962 petitioner applied for an exception or variance under article XI, sec. 3, of the ordinance to convert the former schoolhouse into enginnering and research offices. But this provision relates to the powers of the board to hear appeals, grant exceptions or variances and sets out *35 the standards to be followed by the board when passing on an application for relief and is not the provision of article II for special exceptions which, in a proper case, the board may authorize in a general residence district. An examination of that provision discloses that the relief sought is not one of the special exceptions which the board is authorized to approve. Thus the application could be considered only as one for a variance and was so treated. Caccia v. Zoning Board of Review, 83 R.I. 146, 113 A.2d 870.
After due notice a public hearing was held on February 13, 1963. Thereat, petitioner testified that he was engaged in work for the National Aeronautics Space Agency and would use the premises in connection with such work; that there would be no manufacturing or selling; that the proposed use would not cause odors, dust, smoke, gaseous fumes or vibrations; and that no heavy machinery would be used.
He further testified that he had been advised by building contractors who had examined the premises that renovating the building for residential purposes would cost forty to fifty thousand dollars and, further, that such renovation would not be feasible even if the cost were not prohibitive.
Edward Gnys, a real estate expert, testified as to the numerous commercial enterprises to be found on the easterly side of Smithfield avenue, corroborated petitioner's testimony as to the inadaptability of the property to a residential use, and stated that the proposed conversion would not in his opinion depreciate the value of neighboring properties nor impair their use.
Several remonstrants testified in opposition and a petition was introduced bearing the signatures of 71 objectors. The remonstrants' reasons were that they did not want the residential character of the west side of Smithfield avenue altered and, inter alia, that to grant the application would depreciate the value of their properties.
Article II of the ordinance, in additioin to residential, permits cerain other uses. They are, however, largely public in character: schools, police or fire stations, and museums, for example, and thus have no useful meaning to petitioner. He so testified and, in effect, negated all permitted uses as a condition precedent to the granting of a variance. See Cole v. Zoning Board of Review, 94 R.I. 265, 179 A.2d 846.
The board denied the application in the following terms:
"The testimony presented at this hearing by you, the applicant, and by a real estate expert has failed to establish that enforcement of the Zoning Ordinance would result in unnecessary hardship to you. The Board finds that the applicant by his own prior action imposed an unnecessary hardship upon himself; that the hardship claimed by the applicant does not arise from special or peculiar site conditions but from the desire to realize greater monetary gain; and that to grant the relief by way of variance requested by the applicant would be contrary to the public interest."
The petitioner contends that in denying his application the board abused their discretion and that the decision is therefore arbitrary. He vigorously argues that the board ignored his uncontradicted testimony and that of the real estate expert, all of which was competent to prove that the relief sought was necessary to avoid imposing a hardship within the meaning of the enabling act and cited cases; that said testimony was competent to prove that the proposed use was not contrary to the public interest; and that the board misconceived the legal meaning of the word "hardship" as well as the term "contrary to the public interest." His argument is buttressed by numerous decisions of this court, which he claims are in point.
*36 We acknowledge that in proper circumstances these contentions might have mirit. The provisions of the ordinance, for example, in spelling out the standards for the grant of a variance appear to be narrower in scope than those established by G.L.1956, § 45-24-19, subd. c. If they do so conflict, the provisions of the enabling act are controlling. See Mello v. Board of Review, 94 R.I. 43, 177 A.2d 533.
Be that as it may, however, the opening statement of the board's decision relates in substance to a failure of probative evidence, qualitative in nature. As previously noted, there is no evidence of the price paid by petitioner. Absent such evidence, it is impossible to determine whether, by removing the building, the land could be devoted to a residential use without constituting hardship to him. This court has held in several instances that mere inconvenience or additional expense necessary to make the land available for beneficial uses within the scope of the ordinance is no sufficient to warrant the granting of a variance. Ricci v. Zoning Board of Review, 72 R.I. 58, 47 A.2d 923; Taft v. Zoning Board of Review, 76 R.I. 443, 71 A.2d 886; Franco v. Zoning Board of Review, 90 R.I. 210, 156 A.2d 914.
Thus in the instant case, without evidence as to what was paid for the property and the cost which would be involved in removing the building, the board could not find that the petitioner would suffer loss of all benecial use unless the variance were granted. In such circumstances, we cannot say that their decision was arbitrary so as to constitute an abuse of discretion. In so holding, however, we do not pass upon the validity of the boards's findings in any other respect.
The petition for certiorari is denied and dismised, the writ heretofore issued is quashed, and the records in the case are ordered returned to the respondent board with our decision endorsed thereon.