DECISION
This is a consolidated appeal of decisions of the Lincoln Zoning Board (Zoning Board) and the Lincoln Zoning Board sitting as the Lincoln Planning Board of Appeals (Planning Board of Appeals). Michael A. Reilly (appellant) seeks reversal of the Zoning Board's decision of May 2, 1995 and the Planning Board of Appeals' decision of October 3, 1995. In the Zoning Board's decision, the Zoning Board conditionally granted Peter and Charlene Kurzy (appellees) a variance from minimum setback requirements and an extension of Central Street for frontage, on the condition that the appellees receive approval from the Planning Board for the dimensions and improvements to the extension of Central Street. In the Planning Board of Appeals' decision, the Planning Board of Appeals affirmed the Planning Board's decision to allow a twelve-foot-wide public "driveway" for the extension of Central Street, accessible to anyone, but not subject to any town services. Jurisdiction in this Court is pursuant to G.L. 1956 § 45-24-69 and § 45-23-71.
 Facts/Travel
The appellees own real property located in the Manville section of the Town of Lincoln, now designated as lot 139 on Assessor's Plat 38. On November 29, 1991, the appellees attempted to create lot 139 without Planning Board approval by filing a quitclaim deed to themselves in order to subdivide existing lot 19. (See Letter of Lucinda Hannus Letoile, Assistant Town Engineer, dated March 31, 1992). On March 31, 1992, the Assistant Town Engineer recorded a letter in the land evidence records in the Town of Lincoln which advised the appellees that the Town of Lincoln would not recognize the subdivision. (Letter of Lucinda Hannus Letoile, Assistant Town Engineer, dated March 31, 1992). The Assistant Town Engineer's letter specified that the quitclaim deed created a substandard lot and lot 139 which "does not have frontage on an existing street which has been dedicated to the public and accepted by the town." The letter further noted that all subdivision rules and regulations would apply to the appellees' attempted division of land.
On June 3, 1992, the appellees filed another quitclaim deed in order "to create two separate Tax Assessor's lots from one Tax Assessor's lot. . . ." (Appellees' Quitclaim Deed of June 3, 1992). Also on June 3, 1992, the Assistant Town Engineer filed a Release of Notice stating that the new quitclaim deed had "resolved the disputed division of land. . . ." The Release of Notice did not specify how the quitclaim deed of June 3, 1992 had resolved the problems with the subdivision which had previously prevented town recognition.
In May 1994, the appellees conveyed one of the two lots (lot 19) they had created without Planning Board approval to individuals not a party to this action. The appellees kept lot 139, located in an RS-12 zoning district.
In February 1995, the appellees submitted an application to the Zoning Board requesting a dimensional variance from setback requirements (Article III, Section 20-52 of the Lincoln Code of Ordinances) and also requested relief from the mapped street ordinance (see Article II, Section 17-37 of the Lincoln Code of Ordinance). The appellees required relief from the mapped street ordinance because the portion of Central Street which extended alongside lot 139 was not accepted by the town as a public street. (See Transcript of May 2, 1995 at 11-13).
At a hearing conducted on May 2, 1995, Michael A. Reilly (appellant) objected to the appellees' application. The appellant is an abutter who owns real property located on Old River Road, designated as lot 1 on Assessor's Plat 38. The appellant objected on the ground that the appellees had not received approval for their subdivision from the Planning Board and the new lot did not have frontage on a street included within the mapped street ordinance. The Zoning Board granted the appellees' application for a dimensional variance and relief from the mapped street ordinance on May 7, 1995. The Zoning Board conditioned their approval on the appellees obtaining approval for road construction from the Planning Board and Engineering Department (Decision letter of May 7, 1995). The appellant filed a timely appeal of this decision (docketed as C.A. No. 95-2914).
The Lincoln Planning Board held hearings in May and June of 1995 on referral from the Zoning Board. The record reflects that the Planning Board did not mail notice of these hearings to the appellant. On June 28, 1995, the Planning Board granted permission to the appellees to improve an extension of Central Street by constructing a twelve-foot-wide public "driveway," accessible to the general public, but not provided with town services. The Planning Board filed its decision with the Town Clerk on July 14, 1995. The appellant filed an appeal of the Planning Board's decision on July 20, 1995 to the Lincoln Planning Board of Appeals. On October 3, 1995, the Planning Board of Appeals voted to deny the appeal. The appellant filed a timely appeal of the Planning Board of Appeals' decision (docketed as C.A. No. 95-5761).
 Standard of Review
Superior Court review of a zoning board decision is controlled by G.L. 1956 (1991 Reenactment) § 45-24-69 (D), which provides:
 "(D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
When reviewing a decision of a zoning board, a justice of the Superior Court may not substitute his or her judgment for that of the zoning board if he or she conscientiously finds that the board's decision was supported by substantial evidence. Apostolouv. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a scintilla but less than a preponderance." Caswell v. George Sherman Sandand Gravel Co., Inc., 424 A.2d 646, 647 (R.I. 1981) (citingApostolou, 120 R.I. at 507, 388 A.2d 824-25). The reviewing court "examines the record below to determine whether competent evidence exists to support the tribunal's findings." New EnglandNaturist Ass'n Inc. v. George, 648 A.2d 370, 371 (R.I. 1994) (citing Town of Narragansett v. International Association of FireFighters, AFL-CIO, Local 1589, 119 R.I. 506, 380 A.2d 521 (1977).
Superior Court review of a Planning Board of Appeals' decision under § 45-23-71 has the same review standard as above.
 Timeliness of Appeal
The appellant states that he timely filed an appeal of the Planning Board's decision after it was posted with the town clerk. The appellees argue that the appellant is not entitled to appeal the Planning Board of Appeals' decision to this Court because the appellant never timely filed an appeal of the Planning Board's decision. The appellees point out that the Planning Board made its decision on June 28, 1995, yet the appellant did not file an appeal to the Planning Board of Appeals until July 20, 1995. The appellees state that the appellant did not file its appeal within the 10 day filing period.
Under the Town of Lincoln Subdivision Regulations which existed prior to December 1995, any aggrieved person who appeared before the Planning Board could appeal the Planning Board's final action within (10) days. Town of Lincoln Subdivision Regulations, December 1986, Section II, Article D(1). The above subdivision regulation remained in effect at the time of the Planning Board's decision in the instant matter on June 28, 1995. The appeals process set out in § 45-23-67, which allows an appeal within 20 days "after the decision has been recorded and posted in the office of the city or town clerk" did not supersede the 1986 Lincoln subdivision regulations until December 31, 1995. See §45-23-28. The Town of Lincoln did not amend Subdivision Regulation Section II, Article D(1) until December 28, 1995.
"[A]dequate and sufficient notice is a requirement of due process in zoning matters." Ryan v. Zoning Bd. of Rev. of NewShoreham, 656 A.2d 612, 615 (R.I. 1995). However, in the instant case, the appellant was not given notice of the June 28, 1995 hearing before the Planning Board. As a consequence, the appellant was not aware of the Planning Board's decision on June 28, 1995. The appellant did not file an appeal with the Planning Board of Appeals within the ten day time limit because he was not provided notice for the original Planning Board meeting, as required. The Planning Board of Appeals heard the appellant's appeal. "[A] breakdown in the administrative process" may extend the time period for an administrative appeal. Aliseo v. CrimeVictim's Compensation Bd., 660 A.2d 224, 225 (Pa. Cmwlth. 1995).
 Lot 139
The appellant argues that the appellees illegally created lot 139. The appellant states that the creation of a lot which does not front an accepted public street requires subdivision approval by the Planning Board. The appellant asserts that the appellees failed to acquire the Planning Board's approval of a subdivision plat for lot 139 and therefore, lot 139 was illegally created. The appellees respond that the town implicitly accepted its creation of lot 139 when the Assistant Engineer filed a release stating that the appellees' quitclaim deed had resolved the disputed division of land. The appellees assert that the Assistant Engineer's release implicitly indicated town approval of the northern portion of Central Street as a public street. The appellees state that they relied on the Tax Assessor's map in believing that they did not need the Planning Board's approval for the division of land. Finally, the appellees state that under the Lincoln Code of Ordinances Article VII, Section 20-152, lot 139 is lawful because lot 139 was recorded prior to the ordinance and is separately owned.
Under the Lincoln subdivision regulations existing in 1992, a division of a lot was subject to the subdivision regulations if it did not have "[f]rontage on an existing street which has been dedicated to the public and accepted by the city or town. . . ." Lincoln Subdivision Regulations, December 1986, Section 1, Article B (1)(b).
The evidence of record indicates that lot 139 does not have frontage on a public street accepted by the town. The Assistant Town Engineer stated that lot 139 did not have frontage on a street accepted by the town (Letter of Lucinda Hannus Letoile, Assistant Town Engineer, dated March 31, 1992). In addition, the mapped street ordinance expressly omits the northern extension of Central Street from the town's official map of streets. (Opposition's Exhibit No. 2). The official town highway map also does not include the northern extension of Central Street as an official town street. (Opposition's Exhibit No. 3). Lot 139 fronts on the northern extension of Central Street. Because the frontage of lot 139 was on a street not accepted by the Town of Lincoln, the appellees needed subdivision approval from the Planning Board in 1992 in creating lot 139. (Emphasis added).
The appellees maintain that Lincoln Zoning Ordinance Article VII, Section 20-152 essentially "cured" any defects in creating lot 139. The Lincoln Code of Ordinances, Article VII, Section 20-152 states:
 "A building, structure or use of land was lawfully established if it was in existence prior to the effective date of this chapter, or was established in conformance with the zoning ordinance in effect at the time the use was first established. A lot was lawfully established if it was of record or shown on a recorded plat prior to the effective date of this chapter and was separately owned. All other lots that were not lawfully established are not protected by this section. . . . ." (Emphasis added).
The above ordinance specifically refers to a lot "of record or shown on a recorded plat." Anyone who subdivides land must place the subdivision on a plat and "no plat of a subdivision of land in the city or town shall be accepted for filing or recording by the recorder until it shall have been approved by the plan commission. . . . ." § 45-23-7.
Lincoln Code of Ordinances, Article VII, Section 20-152 is inapplicable to the instant case, as the appellees did not lawfully record the lot. Under § 45-23-7, a lawfully recorded plat requires approval by the Planning Board. The appellees did not lawfully record their subdivision because they did not receive the Planning Board's approval for the plat. Lincoln Code of Ordinances, Article VII, Section 20-152 only lawfully establishes lots which were lawfully recorded. The distinction between legal and illegal nonconforming lots is clearly seen in Section 20-151 which states, "[a] nonconformance is a . . . parcel of land . . . which was lawfully in existence at the time of adoption or amendment of this chapter, and not in conformity with the provisions of this chapter or amendment." Lincoln Code of Ordinances, Article VII, Section 20-151. (Emphasis added). The appellees cannot rely upon Section 20-152 because they did not create a lawfully recorded lot.
In addition, the appellees cannot rely on the Assistant Engineer's letter of release. Only the Planning Board can give approval for the subdivision. The fact that the lots were separately taxed is also not controlling in determining the legality of the subdivision. See Smith v. Zoning Bd. of Review ofTown of Westerly, 111 R.I. 359, 302 A.2d 776, 781 (1973).
The above facts indicate that the appellees' division of land constituted a subdivision. Only the Planning Board had jurisdiction to grant an application for subdivision. Sawyer v.Cozzolino, 595 A.2d 242, 246 (R.I. 1991). In the instant case, the Planning Board did not give approval for the appellees' subdivision but merely granted approval to improve the extension of Central Street. The Zoning Board lacked jurisdiction to grant the appellee's application for a variance to an illegally created lot. Id. at 247.
 Mapped Street Ordinance
Additionally, the appellant argues that the extension of Central Street cannot qualify as frontage for lot 139 as it is expressly excluded from the mapped street ordinance. The appellees contend that the Zoning Board may grant relief from the mapped street ordinance in hardship cases.
"No building permit for the erection of any building shall be issued unless the building lots abuts [sic] a street which has been placed on the official map giving access to the proposed structure . . . [w]here the enforcement of this section would entail practical difficulty or unnecessary hardship. . . . the board may, in a specific case and after a public hearing . . . make reasonable exception and issue a permit subject to conditions that will assure adequate access for firefighting equipment, ambulances and other emergency vehicles. . . ." Lincoln Code of Ordinances, Article II, Section 17-40.
In the instant case, the appellees created their own hardship by subdividing the land without Planning Board approval. SeeCaccia v. Zoning Board of Review, 83 R.I. 146, 113 A.2d 870, 872 (1955). The Zoning Board acted in excess of its authority in granting relief from the mapped street ordinance to a lot illegally subdivided and which fronts on a street not included on the official map as approved by the Town Council. See Lincoln Code of Ordinances, Article II, Section 17-38. Similarly, the Planning Board acted in excess of its authority in allowing improvement to that street.
 Conclusion
After review of the entire record, this Court finds that the Lincoln Zoning Board acted in excess of its authority and in violation of ordinance provisions in granting a variance absent Planning Board approval for the subdivision and in granting relief from the mapped street ordinance for an illegally created lot. Additionally, the Planning Board of Appeals acted in excess of its authority and in violation of ordinance provisions in approving the improvements to the extension of Central Street after the Lincoln Zoning Board had erroneously granted relief from the mapped street ordinance.
Accordingly, the appellant's consolidated appeal is granted, and the decisions of the Lincoln Zoning Board and the Planning Board of Appeals are reversed.
Counsel shall prepare the appropriate order for entry.