DECISION
The Appellants Angelo Palazzo, Michelle Palazzo and the Palazzo Family Trust (collectively, the Appellants) appeal from a decision made by the Cranston Zoning Board of Review (the Board), denying their request for dimensional relief. Jurisdiction is pursuant to G.L. 1956 § 45-24-69.
 Facts and Travel
The Palazzo Family Trust (the Trust) owns two unimproved, adjacent lots (the property) located on Warman Avenue in the City of Cranston, and described as lot Nos. 289 and 290 on Tax Assessor's Plat No. 15. See Application for DimensionalRelief (Application). The combined area of the two lots is 4000 square feet, and the combined frontage is forty feet. See id.
The property is located in an A-6 zoning district, which requires properties to be at least 6000 square feet in area, have a lot frontage of sixty feet, and side yard setbacks of eight feet.See Section 30-17 of the Zoning Ordinance of the City of Cranston (the Ordinance).
Pursuant to Article VI, Section 30-28 of the Ordinance, on September 28, 2004, Angelo and Michelle Palazzo applied for dimensional relief from the requirements of Article IV, Section 30-17 (schedule of intensity regulations) on behalf of the Trust.See Application. The Appellants were seeking to move a residential structure from another property onto the undersized lot, resulting in side yard setbacks of 6.92 feet. See id.
and Proposed Site Plan, dated October 29, 2004.
The Cranston City Planning Commission (the Planning Commission) reviewed the Application and recommended its denial because, it concluded, the proposal would cause "[s]evere overcrowding" and would be "[o]ut of character with other single family dwellings in the neighborhood. . . ." See Letter from the PlanningCommission, dated December 8, 2004.
On the same day, the Board conducted a duly noticed hearing on the Application. Angelo Palazzo, Michelle Palazzo and one abutter testified in favor of the Application, and three abutters testified against it. After hearing testimony from both sides, Chairwoman Joy Montanaro (the Chairwoman) stated the following: "Thank you. Is there anyone else that would like to speak against the application? Having no further testimony, I declare the public portion of this application closed." Hearing Transcript
(Tr.) at 31. Thereafter, the Board denied the Application.
The Appellants timely appealed the decision to this Court. Additional facts will be supplied as necessary for the analysis portion of this decision.
 Standard of Review
The Superior Court's review of a zoning board decision is governed by § 45-24-69(d). Section § 45-24-69(d) provides:
 "The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory, ordinance or planning board regulations provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
Although this Court reviews a zoning board decision with deference, such "deferential standard of review, however, is contingent upon sufficient findings of fact by the zoning board."Kaveny v. Town of Cumberland Zoning Bd. of Review, 875 A.2d 1,8 (R.I. 2005). It is axiomatic that "a municipal board, when acting in a quasi-judicial capacity, must set forth in its decision findings of fact and reasons for the actions taken."Id. (quoting Sciacca v. Caruso, 769 A.2d 578, 585 (R.I. 2001)). These findings are required "so that zoning board decisions may be susceptible of judicial review." Kaveny,875 A.2d at 8 (internal quotations omitted). In situations where a zoning board "fails to state findings of fact, the [C]ourt will not search the record for supporting evidence or decide for itself what is proper in the circumstances." Id. (quotingIrish Partnership v. Rommel, 518 A.2d 356, 359 (R.I. 1986)).
When reviewing a decision of a zoning board, the trial justice "must examine the entire record to determine whether `substantial' evidence exists to support the board's findings."DeStefano v. Zoning Bd. of Review of Warwick, 122 R.I. 241,245, 405 A.2d 1167, 1170 (1979). The term "substantial evidence" has been defined as "such relevant evidence that a reasonable mind might accept as adequate to support a conclusion, and means [an] amount more than a scintilla but less than a preponderance."Lischio v. Zoning Bd. of Review of North Kingstown,818 A.2d 685, 690 n. 5 (R.I. 2003) (quoting Caswell v. George ShermanSand Gravel Co., Inc., 424 A.2d 646, 647 (R.I. 1981)).
 Analysis
The Appellants raise two issues on appeal. First, they contend that the Board failed to render a decision in accordance with the requirements of § 45-24-61. Specifically, they maintain that the only record evidence of a "decision" is a sheet of paper entitled "Notice of Decision," and that this notice "fails to particularize the facts upon which the Decision is based."Appellants' Memorandum of Law at 3. The Appellants next contend that the Board closed the meeting to the public in violation of General Laws 1956 chapter 46 of title 42, entitled the Open Meetings Act.[1]
 The Decision
The Appellants maintain that the Board violated § 45-24-61
because it failed to render a decision detailing its findings of fact and conclusions of law. They contend that the Notice of Decision that the Board issued was insufficient to fulfill the requirements of the statute.
Section 45-24-61 provides in pertinent part:
 "(a) Following a public hearing, the zoning board of review shall render a decision within a reasonable period of time. The zoning board of review shall include in its decision all findings of fact and conditions, showing the vote of each participating member, and the absence of a member or his or her failure to vote. Decisions shall be recorded and filed in the office of the city or town clerk within thirty (30) working days from the date when the decision was rendered, and is a public record. The zoning board of review shall keep written minutes of its proceedings, showing the vote of each member upon each question, or, if absent or failing to vote, indicating that fact, and shall keep records of its examinations, findings of fact, and other official actions, all of which shall be recorded and filed in the office of the zoning board of review in an expeditious manner upon completion of the proceeding. For any proceeding in which the right of appeal lies to the superior or supreme court, the zoning board of review shall have the minutes taken either by a competent stenographer or recorded by a sound-recording device.
 (b) Any decision by the zoning board of review, including any special conditions attached to the decision, shall be mailed to the applicant and to the zoning enforcement officer of the city or town. Any decision evidencing the granting of a variance, modification, or special use shall also be recorded in the land evidence records of the city or town."
In its "Notice of Decision," the Board described the relief that the Appellants had sought and then stated that "[t]his Application was denied on 12/08/06." The Appellants aptly point out that such a notice does not satisfy the requirements of §45-24-61; however, the record evidences or contains an actual decision contained in minutes that were prepared on behalf of the Board by Board Secretary Stephen R. Rioles. See Minutes forWednesday December 8, 2004 Cranston Board of Review (Minutes) dated January 20, 2005, at 5-6.
The Appellants also contend that there is no evidence that these minutes were recorded contemporaneously with the "Notice of Decision," and they assert that they were not part of the original certified record on appeal. As such, the Appellants contend that the minutes are unreliable and should be disregarded. They further aver that even if the minutes constitute a valid decision, that decision is "fatally flawed" because it contains a finding that is unsupported by the facts in the record.
This Court first observes that the Board filed an amended certified record on November 22, 2005, in which the Board included an entire copy of the signed minutes. The Board asserts that "in accordance with its usual and customary practice, the written Minutes of the Zoning Board of review, pertaining to this matter, and in accordance with R.I.G.L. § 45-24-61, were prepared, recorded and filed, in the office of the Zoning Board of Review." The Board's Memorandum of Law at 10-11.
The minutes stated that because the vote was split three-to-two against the Application, the Application was denied pursuant to §45-24-57(iii).[2] Minutes at 6. The minutes reflected that Frank Corrao (Corrao), Richard Vespia (Vespia), and the Chairwoman voted in favor of a motion to deny the Application, while Donald Curran (Curran) and Edward DiMuccio (DiMuccio) voted against the motion. Id. Craig Cardullo abstained from voting.Id. In the accompanying decision, the majority of the Board made numerous findings of fact in support of denying the Application. Id.
After reviewing the record, this Court finds that the minutes contained sufficient findings of facts upon which the Board could have rendered a decision that would be susceptible of judicial review. See Kaveny, 875 A.2d at 8. Consequently, this Court concludes that the Board did not violate § 45-24-61.
The Appellants next contend that even if the minutes constituted a decision, those minutes were fatally flawed because they contained facts not in evidence. Specifically, they assert that there is no support in the record for the Board to find that "the average lot size for 16 other single-family dwellings upon the street is 8,968 sq. ft[.]" They further aver that the Board erroneously compared only the lot sizes of properties located on one street, rather than comparing all of the abutting properties.
After reviewing the record in its entirety, this Court concludes that the Board's finding on this issue was fully supported by the record. At the beginning of the hearing, the Chairwoman read the Planning Commission's recommendation into the record. Tr. at 3. In that recommendation, the Planning Commission found that "[t]he average lot size for 16 other single family dwellings on the street is 8,969 sq. ft." Id. The record reveals that the Appellants did not challenge the accuracy of this finding. Considering that it was an undisputed fact, the Board did not abuse its discretion by incorporating it into its findings. Furthermore, by not disputing the Planning Commission's finding, it appears that the Appellants have waived this issue on appeal. See Pollard v. Acer Group, 870 A.2d 429, 832 (R.I. 2005).
 The Open Meetings Act
The Appellants next contend that the Chairwoman violated §42-46-4 of the Open Meetings Act because, they allege, she closed the meeting without a vote from the members of the Board.Appellants' Memorandum of Law at 5.[3] The Appellants further contend that even if the Board did not violate the Act, it erred by not stenographically recording its deliberations.Appellants' Supplemental Memorandum of Law and response to theBoard's Memorandum of Law at 3. Essentially, they complain that there is no way "to ensure the accuracy of the note taking of a secretary to the Cranston Board of Review, as opposed to a clear and unambiguous stenographically transcribed discussion." Id.
at 4.
In response, the Board states that before the hearing began, and pursuant to her usual and customary practice, the Chairwoman invited the public to listen to the Board's deliberations after all of the docketed items had been heard. Id. at 12. It asserts that deliberations were performed in an open and public manner and further alleges that the Appellants are misconstruing the Chairwoman's statement which simply announced the end of the evidentiary portion of the hearing. The Board's Memorandum ofLaw, at 11-12.
It is axiomatic that "statutory interpretation is a question of law. . . ." Palazzolo v. State ex rel. Tavares, 746 A.2d 707,711 (R.I. 2000). Where the language of a statute "is clear on its face, then the plain meaning of the statute must be given effect and this Court should not look elsewhere to discern the legislative intent." Retirement Bd. of Employees' RetirementSystem of State v. DiPrete, 845 A.2d 270, 297 (R.I. 2004) (internal quotations omitted).
The purpose of the Open Meetings Act is to ensure "that public business be performed in an open and public manner and that the citizens be advised of and aware of the performance of public officials and the deliberations and decisions that go into the making of public policy." Section 42-46-1 (emphasis added). To achieve this purpose, it requires that "[e]very meeting of all public bodies shall be open to the public unless closed pursuant to §§ 42-46-4 and 42-46-5." § 42-46-3. Sections 42-46-4
establishes the procedure for closing a meeting, while § 42-46-5
enumerates the limited occasions when a meeting may be closed. The deliberations of a zoning board are not included on that list.
In the event that a public body violates the Open Meetings Act, an aggrieved person may seek a remedy pursuant to § 42-46-8. It provides in pertinent part:
 "(a) Any citizen or entity of the state who is aggrieved as a result of violations of the provisions of this chapter may file a complaint with the attorney general. The attorney general shall investigate the complaint and if the attorney general determines that the allegations of the complaint are meritorious he or she may file a complaint on behalf of the complainant in the superior court against the public body.
 . . .
 (c) Nothing within this section shall prohibit any individual from retaining private counsel for the purpose of filing a complaint in the superior court within the time specified by this section against the public body which has allegedly violated the provisions of this chapter. . . ." § 42-46-8.
According to the foregoing, an aggrieved party has the option of either filing a complaint with the Attorney General or
filing a complaint in the Superior Court. The Appellants in this case did neither; instead, they raised the issue in this zoning appeal. Because the Zoning Enabling Act makes no provision for such a challenge, this Court concludes that the Appellants improperly raised the issue in this appeal.
With respect to the Appellants' allegation that the Board should have provided a stenographic transcript of the deliberations, this Court concludes that even if such a requirement exists, the Appellants were not prejudiced by its absence. However, this Court is not convinced that § 45-24-61(a) contains such a mandate.
Section 45-24-61(a) of the Zoning Enabling Act provides that "[f]or any proceeding in which the right of appeal lies to the superior or supreme court, the zoning board of review shall have the minutes taken either by a competent stenographer or recorded by a sound-recording device." This language does not compel a board to keep an exact transcript of a proceeding; rather, the plain meaning of this provision requires a board only to keep minutes.
The record reveals that the minutes were taken by the Board's Secretary and written up in a decision form. In the decision, the Secretary indicated that the Chairwoman, Corrao and Vespia voted against the application, and that they found
 "that the application does not involve a hardship that is due to the unique characteristics of the property, will alter the general character of the surrounding area, or impair the intent or purpose of the zoning ordinance, or the comprehensive plan, is not the least relief necessary, and further, in denying the dimensional variance, believe that the hardship suffered, by the owner of the subject property, if the dimensional variance is not granted, does not amount to more than a mere inconvenience, and accordingly, that the applicant did not meet the requirements of the Zoning Code, Section 30-28, and further believe that the application should be denied for the additional reasons that the application is out of character with other single-family dwellings in the neighborhood upon substantially larger lots, is requesting an excessive amount of relief, and the granting of the application will result in overcrowding and congesting of the surrounding area." Minutes,
The decision further reflected that Curran and DiMuccio voted in favor of the application. They found
 "that the application involved a hardship that is due to the unique characteristics of the property, and is not due to a physical or economic disability of the applicant, will not alter the general character of the surrounding area or impair the intent or purpose of the Zoning Ordinance or the comprehensive plan, is the least relief necessary, and further in granting a dimensional variance, that the hardship suffered by the owner of the subject property, if the dimensional variance is not granted amounts to more than a mere inconvenience, and that the applicant met the requirements of the Zoning Code, Section 30-28." Id.
The decision then concluded that "[p]ursuant to R.I.G.L. §45-24-57(2)(iii), since the concurring vote of four (4) or the (5) members of the Board . . . is required to decide in favor of an application, which concurrence was not obtained, the within application is hereby, by operation of law, DENIED." Id.
This decision demonstrated the respective positions of each side. Even if the Secretary's taking of the minutes instead of a "competent stenographer" was made upon unlawful procedure, in view of the thoroughness of the decision, this Court will not remand the case for new deliberations.[4] Furthermore, the mistake, if any, "went to form rather than substance and did not prejudice petitioners." Staller v. Cranston Zoning Bd. ofReview, 100 R.I. 340, 341, 215 A.2d 418, 419 (1965) (citing Taftv. Zoning Bd. of Review, 76 R.I. 443, 71 A.2d 886 (1950).
 Conclusion
The decision of the Board was not in violation of statutory or constitutional provisions, or made upon unlawful procedure. The substantial rights of the Appellants were not prejudiced. Accordingly, this Court denies the Appellants' appeal.
Counsel shall submit an appropriate order consistent with this opinion.
[1] In this appeal, the Appellants do not challenge the actual merits of the Board's decision; rather, they merely dispute certain alleged procedural defects in the proceedings before the Board. Consequently, this Court will not address whether it was appropriate to deny the variance. See generally Pollard v.Acer Group, 870 A.2d 429, 832 (R.I. 2005) ("One of our most settled doctrines in this jurisdiction is that a matter not raised before the trial court may not be raised for the first time on appeal.") (quoting Chase v. Bouchard, 671 A.2d 794, 795
(R.I. 1996)).
[2] Section 45-24-57 provides in pertinent part:
 "A zoning ordinance adopted pursuant to this chapter shall provide that the zoning board of review shall:
 . . . .
 (2) Be required to vote as follows:
 . . . .
 (iii) The concurring vote of four (4) of the five (5) members of the zoning board of review sitting at a hearing are required to decide in favor of an applicant on any matter within the discretion of the board upon which it is required to pass under the ordinance, including variances and special-use permits."
[3] As noted above, after hearing testimony from both sides, the Chairwoman stated "Thank you. Is there anyone else that would like to speak against the application? Having no further testimony, I declare the public portion of this application closed." Hearing Transcript (Tr.) at 31.
[4] A stenographer is defined as "[o]ne skilled in stenography, especially one employed to take and transcribe dictation or testimony." The American Heritage Dictionary 1698 (4th ed. 2000). Stenography is defined as "1. The art or process of writing in shorthand. 2. The art or practice of transcribing speech with a stenographic machine. 3. Material transcribed in shorthand." Id. There is nothing in the record to suggest that the Board's Secretary did not possess the requisite skills to be a "competent stenographer."