A. Franklin Mahoney, J.
The petitioner seeks an ¡order and judgment compelling the respondents[1] to accept for filing a claim for financial assistance pursuant to sections 620 and 625 of article 22 of the Executive Law. The respondents, by ¡answer, affirmatively plead, as a ¡complete and ¡separate defense, the provisions of ¡subdivision 2 of ¡section ¡624 of the Executive Law and pray for dismissal of .the petition on the ground of ineligibility.
On July 8, 1974, ¡at about 4:30 a.m., the wife ¡of the petitioner shot him in the chest with a ¡shotgun. He ¡sustained serious injuries. She was indicted for attempted murder. They had been living ¡separate 'and apart for about one year.
Subdivision 2 of section 624 of the Executive Law ¡states: “ A person who is criminally responsible for the crime upon which ¡a claim is based or an accomplice of such person or a member of the family of such persons shall not be eligible to receive an award with respect to such claim.” (Emphasis ¡supplied.) Petitioner contends that this exclusion does not apply herein ¡but, rather, was intended by the Legislature to make ineligible a member of the family of a perpetrator of a crime who himself was injured during the commission ¡of the crime. This contention is untenable.
The controlling factor with respect to legislative intent is ¡subdivision 4 of ¡section 621 of the Executive Law, entitled ■“ Definitions ”. That subdivision states: “ ‘ Family ’, when used with reference to a person, ¡shall mean (a) any person related ¡to such person within the third degree of consanguinity or affinity, (b) any person maintaining a sexual relationship with ¡such person, or (c) any person residing in the ¡same household with ¡such person.” (Emphasis supplied.) “Affinity” is a relationship by marriage (Webster’s Seventh New Collegiate Dictionary). The parties ¡are ¡referred to CPLR 4110 (subd. [b]) for purpose of analogy. Therein it is ¡recited that a person is disqualified to ¡sit as a juror if he is related within the ¡sixth degree of consanguinity or affinity to a party. It has been held in construing CPLR 4110 (subd. [b]).that “'affinity” applies to relationship by marriage (Higbe v. Leonard, 1 Denio 186; 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 4110.09).
Petition is dismissed.

^ Crime Victims Compensation Board and its chairman.