532 A.2d 494

Lamara Nickens, Petitioner *v.* Commonwealth of Pennsylvania, Crime Victim's Compensation Board, Respondent.

Argued April 24, 1987, before Judges MacPhail and Doyle, and Senior Judge Blatt, sitting as a panel of three.

*Gail M. Whitaker,* for petitioner.

*Amy Zapp,* Deputy Attorney General, with her, *Andrew S. Gordon,* Chief Deputy Attorney General, *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE BLATT, October 9, 1987:

Lamara Nickens (petitioner) petitions for review of an order of the Crime Victim's Compensation Board (Board) which denied her request for compensation.

On February 14, 1984, the petitioner was assaulted by her estranged husband. On January 16, 1985 she filed a claim under the Pennsylvania Crime Victim's Compensation Act (Act)[1] for reimbursement for medical expenses and lost earnings resulting from that attack. On March 6, 1985, the Board denied the petitioner's claim for compensation because she was "[a] member of the family of the person who allegedly committed the crime . . ." and, therefore, ineligible under Section 477.3(b) of the Act, 71 P.S. §180-7.3(b). The petitioner thereafter requested reconsideration, and on April 4, 1985, the Board affirmed its March 6, 1985 decision. This appeal followed.

The petitioner's sole contention on appeal is that, although she was married at the time of the attack, she was estranged from and not living with her husband, who committed the crime, and that she does not fall

_____

[1] Act of April 9, 1929, P.L. 177, *as amended,* added by Section 2 of the Act of July 9, 1976, P.L. 574, *as amended,* 71 P.S. §§180-7—180-7.18.

within the disqualifying provisions of Section 477.3(b) of the Act.

Our scope of review of a Board denial of compensation, of course, is limited to determining whether or not constitutional rights were violated, an error of law was committed, or a necessary finding is unsupported by substantial evidence. *Boyd v. Pennsylvania Crime Victim's Compensation Board,* 95 Pa. Commonwealth Ct. 15, 504 A.2d 415 (1986). And, where, as here, we are to examine the Board's interpretation and application of the statute it is charged with administering, the Board's interpretation is entitled to great deference and will not be overturned unless it is clear that such construction is erroneous. *Spicer v. Department of Public Welfare,* 58 Pa. Commonwealth Ct. 558, 428 A.2d 1008 (1981).

Although Section 477.3(b) of the Act[2] now only precludes family members from receiving compensation if the offender is living in the same household and will benefit from the award, it is undisputed that we must look to the statute as it read on February 14, 1984, the date when the cause of this action accrued. Section 3 of the Statutory Construction Act, 1 Pa. C. S. §1926 (no statute shall be construed retroactively unless manifestly so intended), and §1953 (amended portions of statutes shall be construed as effective only from the date when the amendment became effective).

We must determine, therefore, whether or not the petitioner is disqualified from receiving compensation under Section 477.3(b) of the Act, as it read on February 14, 1984. That Section then pertinently provided that: "[a] member of the family of the person who allegedly committed the crime shall not be eligible *under*

---

[2] Act of April 9, 1929, P.L. 177, *as amended,* 71 P.S. §180-7.3(b).

*any circumstances."* (Emphasis added.) And, the Act defines "family" as "(i) anyone related to such person within the third degree of consanguinity or affinity, (ii) anyone maintaining a common-law relationship with such person, or (iii) anyone residing in the same household with such person."[3] Accordingly, inasmuch as the victim and the offender here were married, yet estranged, we must determine whether or not their *marriage* relationship constituted a relationship by affinity.[4]

In support of her contention that the term "affinity" does not include spouses, the petitioner cites the Protection from Abuse Act, Act of October 7, 1976, P.L. 1090, *as amended,* 35 P.S. §§10181-10203. She also cites *Ocasio v. Bureau of Crimes Compensation,* 408 So.2d 751 (1982), for the proposition that it is impossible for a husband to bear any degree of affinity to his wife. The Board, however, cites *Weisinger v. Van Renesselaer,* 79 Misc. 2d 1023, 362 N.Y.S.2d 126 (1974) (offender's spouse precluded from receiving compensation), for the proposition that husbands and wives are related by affinity.

Preliminarily, we note that where the words of a statute are clear the letter thereof will not be disregarded under the pretext of pursuing an unstated legislative intent. *Commonwealth v. Duncan,* 279 Pa. Superior Ct. 395, 421 A.2d 257 (1980). And, although this statute clearly precludes recovery by family members, and the term family clearly includes relationships by affinity, the term affinity is not defined in the Act. We must, therefore, construe the term affinity according to its common and approved usage.

---

[3] Act of April 9, 1929, P.L. 177, *as amended,* 71 P.S. §180.7.

[4] The parties agree that the affinity provision of the Act is the only one conceivably applicable to the marriage relationship here between the victim and the offender.

*Webster's Third New International Dictionary*, 61 (1986) defines affinity as "relationship by marriage." And, it further defines marriage (729) as "the mutual relation of husband and wife." We believe, therefore, that, for purposes of the Act, the petitioner is related by affinity to the offender, her husband, and, therefore, precluded from receiving compensation. Moreover, if we were to adopt the contrary view, *i.e.* that spouses are not related by affinity, but that they have the *same* legal identity (as was found in *Ocasio*), then, by awarding compensation to the petitioner, we would be in effect awarding compensation to the offender. And, this was clearly not the intent of the Legislature, which is presumed not to have intended a result that is absurd. Section 3 of the Statutory Construction Act, Act of December 6, 1972, P.L. 1339, 1 Pa. C. S. §1922(1). Furthermore, we do not believe that, by not specifically mentioning spouses in the definition of family, the Legislature intended to exclude them. And, to preclude recovery by a brother-in-law or a sister-in-law because of a relationship by affinity, and allow recovery by a spouse because he or she is not related to the offender, would create an absurd result which would not have been intended by the Legislature.

Accordingly, we will affirm the order of the Board.

ORDER

AND NOW, this 9th day of October, 1987, the order of the Crime Victim's Compensation Board in the above-captioned matter is affirmed.