582 A.2d 76

**R. Stuart AUBER, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, CRIME VICTIM'S COMPENSATION BOARD, Respondent.**

Commonwealth Court of Pennsylvania.

Argued June 15, 1990.

Decided Oct. 24, 1990.

Joseph H. Ellermeyer, Brookville, for petitioner.

Judith B. Schimmel, Chief Counsel, Harrisburg, for respondent.

Before McGINLEY and PELLEGRINI, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

R. Stuart Auber (Auber) petitions for review of the August 16, 1989 order of the Pennsylvania Crime Victim's Compensation Board (Board) which denied compensation benefits.

Auber was employed as a part-time police officer for Clearfield Borough. On June 25, 1987, Auber, in his capacity as a police officer, responded to a complaint which involved an altercation between a landlord and a tenant. While trying to contain the situation, he was shot in the right elbow by the tenant. The tenant was subsequently convicted and sentenced to prison.

Auber was designated as temporarily disabled and began receiving disability benefits pursuant to what is popularly called the Heart and Lung Act.[1] Thereafter, Auber was designated permanently disabled as of October 2, 1988, which resulted in a termination of the disability benefits. Auber then received benefits pursuant to The Pennsylvania Workmen's Compensation Act.[2] On February 3, 1989, Au-

---

1. Act of June 28, 1935, P.L. 477, *as amended*, 53 P.S. §§ 637-638.
2. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1031.

ber submitted a claim to the Crime Victim's Compensation Board requesting $35,000.

On August 16, 1989, the Board issued a decision which denied compensation. The Board, after quoting the statement of purpose [3] set forth in the enabling statute for the Crime Victim's Compensation Act (CVCA),[4] at Section 3 of The Administrative Code of 1929, determined that the CVCA was enacted to encourage bystanders to get involved and to help victims and, in turn, be compensated for certain losses which result from such an act. The Board then stated:

> Police officers, firemen and other similarly situated public employees should not be covered by the definition of intervenor since it is the sole purpose of the positions they hold to protect the public. Policemen have an independent duty to prevent the commission of crime and not merely assist but affirmatively act to apprehend suspected criminals. To afford compensation to individuals who by definition *must act* would be extending the definition of intervenor beyond that reasonably contemplated by the Legislature.

(Board decision, p. 1) (emphasis in original).

Auber argues that the Board erred in denying benefits on this basis, and cites the fact that the legislature specifically excludes certain individuals (such as an accomplice or a person who is criminally responsible) but did not exclude police officers. The question of whether a police officer who is injured while in the performance of his or her duties, at the hands of an alleged criminal, is eligible for benefits pursuant to the CVCA is one of first impression for this Court.

**3.** "It is the declared purpose of the General Assembly in this act to promote the public welfare by establishing a means of providing for the financial losses of the innocent victims of crime or their surviving dependents and intervenors acting to prevent the commission of crime or to assist in the apprehension of suspected criminals."

**4.** The CVCA is found in Sections 477 through 479.5 of The Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended,* added by the Act of July 9, 1976, P.L. 574, *as amended,* 71 P.S. §§ 180–7–180–9.-5.

 Our scope of review is to determine whether constitutional rights were violated, an error of law was committed, or a necessary finding is unsupported by substantial evidence. *Boyd v. Pennsylvania Crime Victim's Compensation Board*, 95 Pa.Commonwealth Ct. 15, 504 A.2d 415 (1986). And where, as here, we are to examine the Board's interpretation and application of the statute it is charged with administering, the Board's interpretation is entitled to great deference and will not be overturned unless it is clear that such construction is erroneous. *Nickens v. Pennsylvania Crime Victim's Compensation Board*, 110 Pa.Commonwealth Ct. 189, 532 A.2d 494 (1987).

We begin with the legislative mandate which provides that "the object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." Section 1921 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921.

 Section 477.3(a)(2) of the CVCA, 71 P.S. § 180–7.3(a)(2) provides that an intervenor "shall be eligible for compensation." Section 477, 71 P.S. § 180–7, states:

> "Intervenor" shall mean a person who goes to the aid of another and suffers physical or mental injury or death as a direct result of acting not recklessly to prevent the commission of a crime, or to lawfully apprehend a person reasonably suspected of having committed such crime, or to aid the victim of such crime.

Auber maintains that he fits the definition of an intervenor since he was acting to lawfully apprehend a criminal suspect, and is therefore eligible for benefits under the CVCA. The Board counters that police officers do not fit this definition since they are engaged in a profession in which they are likely to be injured while intervening in the commission of a crime. It argues further that the obligation to compensate police officers for such injuries rests with the employing political subdivision under The Pennsylvania Workmen's Compensation Act. We agree.

The CVCA contains a definition section at Section 477, 71 P.S. § 180–7. This section is significant for the absence of a definition of police officer and also in that the definitions of intervenor and victim do not incorporate a police officer.

Since the beginning of time, organized society has had a body of personnel which is officially charged with the duties of securing the public against crime, the investigation of crime, and the apprehension of criminals. This body is known as the police. The legislature has provided the police with a bundle of rights relating to compensation for work-related injuries, and rightly so. However, to stretch the CVCA's definition of intervenor to include police officers is sheer sophistry.

As set forth, supra, Section 3 of The Administrative Code of 1929 states that the purpose of the legislature in enacting the CVCA is to promote the public welfare by providing for the financial losses of the innocent victims of crime and intervenors. Section 477.9(e), 71 P.S. § 180–7.9(e), sets forth:

> (e) Except for any payments or proceeds that are specifically denominated as compensation for dismemberment or loss of an eye, any award made pursuant to this act shall be reduced by the amount of any payments received or to be received by the claimant as a result of the injury (i) from or on behalf of the person who committed the crime, (ii) under any insurance programs including those mandated by law, (iii) under any contract of insurance wherein the claimant is the insured beneficiary, (iv) from public funds, or (v) as an emergency award pursuant to section 477.8 of this act.

In *Hoffman v. Pennsylvania Crime Victim's Compensation Board*, 46 Pa.Commonwealth Ct. 54, 56–57, 405 A.2d 1110, 1111 (1979), we considered this section and stated:

> Our reading of the Act indicates to us that the crime victim's compensation program was intended by the Legislature to compensate innocent victims of crime for economic losses sustained by them for which they receive no other compensation. Within limitations set forth in the

Act, the program makes up the difference between what the victim lost economically and what a victim received economically as a result of a crime.

Police officers who are injured while on duty are entitled to receive benefits pursuant to The Pennsylvania Workmen's Compensation Act and the Heart and Lung Act, as Auber was in fact receiving such benefits. Clearly, the intent of the legislature in enacting the Heart and Lung Act was to provide compensation to those public safety employees who take grave risks in order to protect the general public and receive injuries, just as Auber did. *See Organ v. Pennsylvania State Police*, 112 Pa.Commonwealth Ct. 352, 535 A.2d 713 (1988). We do not believe that the CVCA was intended to provide additional compensation to those individuals. Rather, the CVCA compensates those who voluntarily undertake such actions, and then only to an extent as limited by the amount of recovery from other sources.

Accordingly, finding no error of law committed by the Board nor any finding unsupported by substantial evidence, and as no allegation of a violation of constitutional rights has been asserted, we affirm the Board's decision to deny benefits to Auber.

## ORDER

AND NOW, this 24th day of October, 1990, the Order of the Pennsylvania Crime Victim's Compensation Board, dated August 16, 1989, which denied compensation to R. Stuart Auber, is affirmed.

McGINLEY, J., concurs in the result only.