621 A.2d 1232

**Helen CIAVERELLI, Guardian of the Estate of Peter Joseph Ciavcrelli, a minor, Petitioner,**

v.

**CRIME VICTIM'S COMPENSATION BOARD, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Nov. 16, 1992.

Decided March 2, 1993.

640

Melvin Rubin, for petitioner.

Judith Brown Schimmel, Chief Counsel, for respondent.

Before PALLADINO, and PELLEGRINI, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

Helen Ciaverelli, guardian of the estate of Peter Joseph Ciaverelli (herein referred to as Claimant), petitions for review of the April 1, 1992 order of the Pennsylvania Crime Victim's Compensation Board (Board) which denied her request for "all support to which victim's son, a minor would be entitled under the law." [1]  (O.R.—Tab F.)

Peter Ciaverelli (Peter) was married to Victoria Ciaverelli (Victoria).  Peter Joseph Ciaverelli, (Peter Joseph) was the child of that marriage.  Prior to Peter's death, the marriage of Peter and Victoria was dissolved by a decree of divorce. Subsequent to the divorce, Peter Joseph resided with his father, Peter.  Peter was employed by Prestige Auto Reconditioning, Inc., in Philadelphia, Pennsylvania.  On March 8, 1990, Peter was murdered by an unknown assailant in the course of a robbery at his employer's place of business.  Upon

---

1. Claimant also filed a claim for funeral expenses which was paid by the Board.  No dispute as to this claim is before us.

the death of his father, and at all times herein relevant, Peter Joseph resided with his mother, Victoria.

As a result of his father's death, Peter Joseph received social security benefits in the amount of $348.00 per month ($4,176.00 annually) and workers' compensation benefits in the amount of $208.00 twice monthly ($4,992.00 annually).

Peter's Last Will and Testament[2] made Peter Joseph his sole beneficiary and appointed Claimant as the guardian of the estate of Peter Joseph. Claimant brought this action under the Crime Victim's Compensation Act (CVCA)[3] seeking an award on behalf of Peter Joseph for "all support to which victim's son, a minor would be entitled to under the law." (O.R.—Tab F.)

The Board denied compensation to Claimant on the basis that though she was appointed as the guardian of the estate of Peter Joseph, she is not the guardian of his person, i.e., she did not have physical custody of Peter Joseph at any time subsequent to his father's death. The Board stated in its April 1, 1992 decision:

> Board regulation, 37 Pa.Code § 191.9b(b), provide (sic) for calculation of loss of support when the claimant is the guardian of the dependent children of the victim. The regulations do not specify whether such guardianship is of the estate or the person of such dependent children. However, the Board has always interpreted this to mean physical custody.

The issue before us is not whether Peter Joseph is entitled to compensation for loss of support under the CVCA, but rather is whether Claimant, as the guardian of Peter Joseph's estate, is an eligible person to make a claim for compensation thereunder on behalf of Peter Joseph. Claimant argues that the

2. Claimant's attorney states in his brief to this Court that Peter's estate was insolvent.

3. The CVCA is found in Sections 477 through 479.5 of The Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended,* added by the Act of July 9, 1976, P.L. 574, *as amended,* 71 P.S. §§ 180-7–180-9.5.

Board erred in determining that she was not an eligible person to claim compensation under the CVCA.

■ We note that our scope of review of a crime victim's compensation case is limited to determining whether constitutional rights were violated, an error of law was committed, or a necessary finding is unsupported by substantial evidence. *Auber v. Pennsylvania Crime Victim's Compensation Board,* 135 Pa.Commonwealth Ct. 584, 582 A.2d 76 (1990).

■ A minor child that resided with a deceased crime victim is limited to claiming compensation for loss of support and psychological counseling under the CVCA.[4] *See* § 477.3, 71 P.S. § 180–7.3; § 477.5, 71 P.S. § 180–7.5; § 477.9, 71 P.S. § 180–7.9. A minor's claim for loss of support is limited to the "actual loss sustained". § 477.9(c), 71 P.S. § 180–7.9(c). Section 477.3 of the CVCA, 71 P.S. § 180–7.3, sets forth the persons who are eligible to receive compensation under the CVCA. This Section provides, in relevant part:

(a) ... the following persons shall be eligible for compensation:

(1) A victim.

(2) An intervenor.

(3) A surviving spouse, parent or child of a deceased victim or intervenor.

(4) Any other person dependent for his principal support upon a deceased victim or intervenor.

(5) Any person related to the victim within the third degree of consanguinity or affinity who assumes the obligation or who pays the funeral or burial expense incurred as a direct result of the crime.

In the case of a minor child, Section 447.4, 71 P.S. § 180–7.4, further provides:

(a) A claim for compensation may be filed by a person eligible for compensation, as provided in section 477.3 of this act, or, if such person is a minor, by his parent or guardian ...

---

4. Here the only claim made on behalf of Peter Joseph was for "all support ... entitled under the law."

As noted above, the Board interprets "guardian", as used in the CVCA and the regulations, as the person having "physical custody" of the minor child. The Board rejects the argument that the guardian of a minor's estate is an eligible person to file for compensation under the CVCA. The Board premises its argument on the fact that the purpose of the CVCA is to relieve the financial burdens and losses suffered by innocent victims of crime or their surviving dependents and not to enrich the estate of a minor child.[5] We agree.

The CVCA, while making reference to a minor child's "guardian", does not specifically define what meaning the term "guardian" is to be given under the Act. However, it has long been held that where undefined words and phrases are found in a statute, such words and phrases should be given their everyday meaning. *See Desousa v. Zoning Hearing Board of Whitehall Township,* 19 Pa.Commonwealth Ct. 367, 339 A.2d 650 (1975). The term "guardian" is ambiguous as used in the CVCA because "guardian" could refer to several individuals in terms of a minor child. In order to make clear such an ambiguity, the Statutory Construction Act of 1972, 1 Pa.C.S. §§ 1501–1991, provides that resort to principles of statutory construction is proper. Specifically, 1 Pa.C.S. § 1921(a) mandates that "the object of all interpretation and construction is to ascertain and effectuate the intention of the General Assembly." *See Central Mortgage Co. v. Commonwealth Insurance Department,* 100 Pa.Commonwealth Ct. 233, 514 A.2d 956 (1986).

A guardian is generally defined as a person lawfully invested with the power, and charged with the duty, of taking care of and managing the property and rights of another person, who, for some peculiarity of status, or defect of age,

---

5. The Board cites former Section 3 of the enabling legislation for the CVCA, Act of July 9, 1976, P.L. 574, which set forth a declaration of purpose. That section provided:

"It is the declared purpose of the General Assembly in this act to promote the public welfare by establishing a means of providing for the financial losses of the innocent victims of crime or their surviving dependents and intervenors acting to prevent the commission of crime or to assist in the apprehension of suspected criminals."

understanding or self-control, is considered incapable of administering his own affairs. Black's Law Dictionary 706 (6th ed.1990). In relation to a minor, there are two types of guardians; the guardian of the minor's estate and the guardian of the minor's person (i.e., the person having physical custody of the minor). The "guardian of the person" is vested with the care of the person of a minor, while a "guardian of the estate" is entrusted with the control of the property of a minor. *Daniels v. Metropolitan Life Ins. Co.*, 135 Pa.Superior Ct. 450, 5 A.2d 608 (1939). The spheres of authority of a guardian of the person and of a guardian of the estate are distinct and mutually exclusive. *Adoption of Frasch*, 165 Pa.Superior Ct. 74, 67 A.2d 830 (1949). A minor child's natural guardian or guardian by nature is the child's father, or if he is deceased or has deserted his family, the mother or next of kin in that order. *Daniels*, 135 Pa.Superior Ct. 450, 5 A.2d 608. A court may also appoint a guardian, in loco parentis, as the guardian of the minor child's person. A guardian ad litem may be appointed to represent a minor in specific litigation before a court.

It is clear that the purpose of providing compensation under the CVCA was to "relieve" the financial burdens and losses suffered by the surviving dependents of innocent crime victims. *See Boyd v. Pennsylvania Crime Victim's Compensation Board*, 95 Pa.Commonwealth Ct. 15, 504 A.2d 415 (1986). It is equally obvious that Section 477.3 was enacted by the legislature to compensate dependent children who suffer a loss of support because of a victim's death. Because a minor lacks capacity to bring an action on his own behalf[6], in order for a minor to receive compensation for loss of support under the CVCA, a claim must be asserted on behalf of the minor. Here, Claimant would have us hold that she, as the guardian of Peter Joseph's estate, is eligible to file such a claim on his behalf. However, as noted above, the guardian of a minor's estate is responsible for managing the property of a minor child. Here, however, Peter Joseph had no property which Claimant was responsible for managing; his father died insol-

6. *See* Pa.R.C.P. Nos. 2026, 2027.

vent. To hold as Claimant argues would be to require the Board to pay compensation, not to relieve Peter Joseph's loss of support, but instead to create an estate for him. Clearly, this was not the intention of the legislature in enacting the CVCA.

Section 477.4 clearly provides that a minor's parent may bring a claim on behalf of the minor. Alternatively, the minor's "guardian" may do so. We hold, in conformity with the Board's interpretation and in accordance with the purpose of the CVCA, that "guardian" refers to the adult person having physical custody of the minor or a person designated by a court of competent jurisdiction as a guardian ad litem to pursue a minor's interest in any legal proceeding under the CVCA.

Here, Peter Joseph has been in the physical custody of his mother, Victoria, at all relevant times hereunder. He has never been in the physical custody of Claimant, nor is the Claimant hereunder in loco parentis as to be the guardian of his person, nor has she been appointed as his guardian ad litem in this proceeding. Accordingly, Claimant is not an eligible person to receive compensation on behalf of Peter Joseph under the CVCA. We will affirm the Board's order.

## ORDER

AND NOW, this 2nd day of March, 1993, the order of the Crime Victim's Compensation Board is affirmed.