621 A.2d 1228

**John J. BRADLEY, Administrator of the Estate of Inchae Kim, Petitioner,**

v.

**CRIME VICTIM'S COMPENSATION BOARD, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Nov. 16, 1992.

Decided March 2, 1993.

Mary Beth McCabe, for petitioner.

Judith Brown Schimmel, Chief Counsel, for respondent.

Before PALLADINO and PELLEGRINI, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

John J. Bradley, administrator of the estate of Inchae Kim (herein after referred to as Claimant), petitions for review of the March 18, 1992 order of the Pennsylvania Crime Victim's Compensation Board (Board) which denied his claim for compensation.

Inchae Kim (Kim) was shot on August 27, 1989 at approximately 2:51 A.M. in Philadelphia, Pennsylvania by unknown assailants. Kim was taken to the Albert Einstein Medical Center (AEMC) where he was administered to, but died at 8:35 A.M. on the same day. The medical bills incurred by Kim for treatment up to the time of his death totalled $19,161.95.

On June 28, 1991, Claimant obtained Letters of Administration in the Estate of Kim.[1] Claimant then filed a Claim Form with the Board on August 22, 1991 as the "estate of the crime victim." (R.R. 9a.) Claimant requested compensation in the amount of $19,161.95. On March 18, 1992, the Board issued a final adjudication and order denying Claimant's request for compensation. The Board based its decision on the fact that Claimant, as the administrator of the estate of the victim, was not an eligible person to receive compensation under the Crime Victim's Compensation Act (CVCA)[2]. In support of its position, the Board asserted that it was the intention of the General Assembly to compensate the losses of persons; either a victim who survives and suffers financial loss or the dependents of a deceased victim who suffer financial loss on account of the victim's death.[3]

On appeal, Claimant argues that the Board erred in concluding that the administrator of a victim's estate is not an

1. Claimant's admitted motive in becoming the Administrator in Kim's Estate was for the benefit of collecting the medical bills of AEMC who, subsequent to Kim's death, became a creditor of his estate. (See Claimant's letter to the Board dated July 9, 1991, O.R., Tab 1).

2. The CVCA is found in Sections 477 through 479.5 of the Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended*, added by the Act of July 9, 1976, P.L. 574, *as amended*, 71 P.S. §§ 180-7—180-9.5.

3. The Board relied upon the Act's declaration of purpose set forth in the enabling legislation for the CVCA, Act of July 9, 1976, P.L. 574, which states:

It is the declared purpose of the General Assembly in this act to promote the public welfare by establishing a means of providing for the financial losses of the innocent victims of crime or their surviving dependents and intervenors acting to prevent the commission of crime or to assist in the apprehension of suspected criminals.

eligible person to file a claim for compensation under the CVCA.

■ We note that our scope of review is to determine whether constitutional rights were violated, an error of law was committed, or a necessary finding is unsupported by substantial evidence. *Auber v. Pennsylvania Crime Victim's Compensation Board*, 135 Pa. Commonwealth Ct. 584, 582 A.2d 76 (1990).

Section 477.3 of the CVCA, 71 P.S. § 180–7.3, sets forth the persons who are eligible to file claims under the act. This Section provides in relevant part:

(a) ... the following persons shall be eligible for compensation:

(1) A victim.[4]

(2) An intervenor.

(3) A surviving spouse, parent or child of a deceased victim or intervenor.

(4) Any other person dependent for his principal support upon a deceased victim or intervenor.

(5) Any person related to the victim within the third degree of consanguinity or affinity who assumes the obligation or who pays the funeral or burial expense incurred as a direct result of the crime.

(Footnote added).

Claimant maintains that because a "victim" is included in the list of eligible persons who may claim compensation under the CVCA and because a "victim" can be a person who suffers death as the result of a crime, that the "estate" of a victim should be considered an eligible person to file for compensation under the CVCA. We disagree.

■ An "estate" is not a person specified in the CVCA as being eligible to file a claim for compensation. While the definition of victim includes persons who subsequently suffer

---

**4.** The CVCA, Section 477, 71 P.S. § 180–7, defines "victim" as:

[A] person against whom a crime has been committed, other than the alleged offender, who, as a direct result of the crime, suffers physical or mental injury, death or the loss of earnings....

death as a result of a crime, once deceased, a "victim" can no longer file a claim for compensation. The purpose of the CVCA is to establish a means of providing for the financial losses of innocent crime victims *or* their surviving dependents. *Boyd v. Pennsylvania Crime Victim's Compensation Board,* 95 Pa.Commonwealth Ct. 15, 504 A.2d 415 (1986). To hold as Claimant argues and permit a deceased victim's estate to recover under the CVCA, would be to require the Board to pay compensation for the purpose of extinguishing the debts of an estate. If the legislature intended such a result they would have included the "estate" of a deceased victim under Section 477.3 as an eligible person for compensation; we cannot add to a statute, under the guise of interpretation, that which the legislature failed to include.

Accordingly, Claimant herein, as the administrator of the estate of Kim, is not an eligible person to file a claim for compensation under the CVCA and we will affirm the order of the Board.

## ORDER

AND NOW this 2nd, day of March, 1993, the order of the Crime Victim's Compensation Board is affirmed.