Joan R. ALISEO, Petitioner,

v.

## CRIME VICTIM'S COMPENSATION BOARD, Respondent.

Commonwealth Court of Pennsylvania.

Argued May 11, 1995.
Decided June 12, 1995.

 

Karen Deanna Williams, for petitioner.

Robert P. Daday, Chief Counsel, for respondent.

Before COLINS, President Judge, SMITH, J., and SILVESTRI, Senior Judge.

COLINS, President Judge.

■ Before the Court is Joan R. Aliseo's petition for review of a decision of the Crime Victim's Compensation Board (Board), which denied her claim for financial assistance on the basis that it was not timely filed pursuant to Section 477.4(b) of the Administrative Code of 1929 (Code).[1] In considering a petition for review of a Board decision, this Court's scope of review is limited to a determination of whether necessary factual findings are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. *Bradley v. Crime Victim's Compensation Board,* 153 Pa.Commonwealth Ct. 630, 621 A.2d 1228 (1993).

Aliseo raises two issues for this Court's consideration. Aliseo questions: (1) whether a *nunc pro tunc* filing should be permitted in cases where the late filing of an otherwise meritorious claim is occasioned solely by a non-negligent error on the part of an assisting agency/counsel with no negligence on the part of the claimant; and (2) whether the Board abdicated its statutory obligations/responsibilities/mandates to inform claimants of the potential for loss of an otherwise meritorious claim if not timely filed by an assisting agency/counsel and or to promulgate a rule designed to protect claimant's rights when the assisting agency/counsel fails to timely file a claim and there is no negligence on the part of the claimant.

The facts of this case, as found by the Board, are summarized as follows. Aliseo suffered severe injuries after being criminally assaulted on February 12, 1992.[2] Claimant received a Crime Victim's Compensation Board claim form from an employee of the Philadelphia District Attorney's Victim/Witness Services Division (District Attorney's Office)[3] in November 1993. She completed the form and forwarded it to the District Attorney's Office on December 2, 1993. The District Attorney's Office subsequently sent the form to the Board via Federal Express on February 22, 1994, two years and ten days after the incident. On March 16, 1994, the Board issued an order denying the claim on the basis that the statute of limitations on the claim had expired on February 12, 1994. Aliseo requested reconsideration, which was denied on May 18, 1994. A hearing was subsequently held before the Board, after which the Board issued an order dated September 7, 1994 denying the claim. This petition for review followed.

■ Aliseo argues that her claim should be considered *nunc pro tunc* because the District Attorney's Office has the duty to ensure that its employees properly file her papers, the District Attorney's Office failed to timely file the papers, and this failure resulted in a breakdown in the administrative process. We agree.

■ While it is true that appeal periods at the administrative level are jurisdictional and may not be extended as a matter of grace, *Bianco v. Robinson Township,* 125 Pa.Commonwealth Ct. 59, 556 A.2d 993 (1989), the extension of such periods may be granted where there is fraud or a breakdown in the

---

1. Act of April 9, 1929, P.L. 177, *as amended,* added by Section 2 of the Act of July 9, 1976, P.L. 574, *as amended,* 71 P.S. §§ 180–7.4(b).

2. The record shows that Aliseo was beaten in the head, causing severe head trauma. She has also been diagnosed as suffering from post-traumatic stress syndrome and post-concussion syndrome.

3. In this Commonwealth, each district attorney's office is headed by the County District Attorney. The position of District Attorney is created by the Constitution of the Commonwealth of Pennsylvania. *See* Pa. Const. art. 9, § 4.

administrative process. *Baker v. City of Philadelphia,* 145 Pa.Commonwealth Ct. 421, 603 A.2d 686 (1992). The appeal period in question is found in Section 477.4 of the Code, and provides, in pertinent part:

A claim must be filed not later than one year after the occurrence of the crime upon which the claim is based, or not later than one year after the death of the victim or intervenor: Provided, however, that for good cause the board may extend the time for filing for a period not exceeding two years after such occurrence.

71 P.S. § 180–7.4(b).[4]

Pursuant to Section 479.3 of the Code, victims of crime are given the right "[t]o have assistance in the preparation of, submission of and follow-up on financial assistance claims to the Crime Victim's Compensation Board." 71 P.S. § 180–9.3(9). Section 479.7(g) of the Code imposes a mandatory duty upon all district attorney offices of this Commonwealth to "provide assistance to the victim in the preparation of, *submission of and follow-up on financial assistance claims filed with the Crime Victim's Compensation Board.*" 71 P.S. § 180–9.7(g) (emphasis added).

In this case, the record shows that Aliseo submitted her completed claim for financial assistance to the District Attorney's Office on December 2, 1993. The District Attorney's Office, by letter to the Board dated April 8, 1994, clearly explained that fault for the late submission of the claim rested with the District Attorney's Office, and not with Aliseo. Since victims are entitled to, and district attorney offices are statutorily required to provide, assistance in the preparation, submission, and follow-up of all victim applications for financial assistance, the failure of the District Attorney's Office to timely file the claim when it received the claim more than two months prior to the running of the statute of limitations clearly constitutes a breakdown in the administrative process,

such that Aliseo shall be entitled to file her claim *nunc pro tunc.*

Based on the foregoing, the order of the Crime Victim's Compensation Board in the above-captioned matter is reversed, and the matter is remanded to the Board for consideration of Aliseo's claim, *nunc pro tunc.*[5]

### ORDER

**AND NOW,** this 12th day of June, 1995, the order of the Crime Victim's Compensation Board in the above-captioned matter is reversed, and the matter is remanded to the Crime Victim's Compensation Board for consideration of Joan R. Aliseo's claim *nunc pro tunc.*

Jurisdiction relinquished.

---

4. The statute requires that a claim must be submitted within one year from the date of the incident, but this time limitation may be extended for just cause. The propriety of the claim's filing outside of the one-year limitation has not been contested by the Board.

5. Based on our resolution of this case, we need not address Aliseo's second issue.