**In re Jonathan Thomas STAPAS, A Minor.**

**Appeal of AIG Claim Services, Inc.**

Commonwealth Court of Pennsylvania.

Argued Feb. 3, 2003.
Decided April 3, 2003.

J. Michael Klutch, Pittsburgh, for appellant.

George C. Diamantopulos, Pittsburgh, for appellee.

Before McGINLEY, J., SIMPSON, J., and KELLEY, Senior Judge.

OPINION BY Senior Judge KELLEY.

AIG Claim Services, Inc. (AIG) appeals from an order of the Court of Common Pleas of Allegheny County, Orphan's Court Division (Orphan's Court): (1) enjoining AIG from making further workers' compensation survivor benefits payments to Angela Sue Krzyzanowski (Angela/Mother); (2) ordering AIG to deposit into the PNC Guardian of the Estate Account of Jonathan Thomas Stapas (Jonathan), a minor, the sum of $24,074.72 and to continue to deposit all further payments due and owing until Jonathan's eighteenth birthday; and (3) ordering Angela/Mother to file a full and complete accounting of all disbursements received from AIG on behalf of Jonathan.

On June 26, 2000, Anthanasios (Thomas) Stapas (Decedent/Father) was killed in an industrial accident in the course of his employment with Panthera Painting Company of Canonsburg, Pennsylvania. Decedent/Father had lived for a time with Angela/Mother with whom Decedent/Father had a son, Jonathan, on February 19, 1990. As Decedent's/Father's heir, Jonathan is entitled to collect monthly social security benefits of $793.00 and workers' compensation survivor benefits of $345.20 per week. During his lifetime, Dece-

dent/Father and Angela/Mother had shared physical custody of Jonathan. From Mondays at 8:00 a.m. through Thursdays at 8:00 p.m., Jonathan lived with Angela/Mother. From Thursdays at 8:00 p.m. through Mondays at 8:00 a.m., Jonathan lived with Decedent/Father and, Decedent's mother, Ioana Stapas (Ioana/Grandmother).

On December 11, 2000, Ioana/Grandmother petitioned the Orphans' Court to appoint her guardian of Jonathan's person and estate. In response to the petition, the Orphan's court appointed Ioana/Grandmother temporary guardian of Jonathan's estate and person. A citation was issued to Angela/Mother to show cause why Ioana/Grandmother should not be appointed permanent guardian of Jonathan's estate and person. On the citation's return date of December 22, 2000, the Orphan's court vacated its December 11, 2000 order, transferred the matter of Jonathan's primary legal custody to the Family Division, and appointed Ioana/Grandmother guardian of Jonathan's estate, leaving undecided the issue of who would serve as guardian of Jonathan's person.[1]

AIG was the workers' compensation insurance provider for Panthera Painting. Pursuant to the December 22, 2000 order, Ioana/Grandmother made several unsuccessful demands on AIG for disbursement of the benefits due Jonathan. On October 22, 2001, AIG distributed accumulated workers' compensation survivor benefits in the amount of $24,074.72 to Angela/Mother.

On December 17, 2001, Ioana/Grandmother petitioned the Orphan's Court to appoint PNC Bank guardian of Jonathan's estate, which petition was granted by order of that same date. On January 17, 2002, a citation was issued to AIG and to Angela/Mother to show cause why AIG should not be enjoined from making further workers' compensation survivor benefits payments to Angela/Mother, why AIG should not be required to deposit the sum of $24,074.72 into Jonathan's restricted PNC Bank account, and why Angela/Mother should not be required to file an accounting with the Orphan's court of the $24,072.72 received from AIG on Jonathan's behalf.

By order of February 20, 2002, the parties were directed to file briefs with the Orphan's Court by March 14, 2002. Arguments were heard on the matter on April 10, 2002. On the basis of the record, the Orphan's Court issued its findings of fact and conclusions of law on April 23, 2002 and by order of that same date, the Orphan's Court enjoined AIG from making further distributions to Angela/Mother, directed AIG to deposit the sum of $24,074.72 into Jonathan's PNC Guardian of the Estate Account, and required Angela/Mother to filed an accounting of the distribution she received from AIG. This appeal followed.

AIG raises the following issues in this appeal:[2]

> 1. Whether the Orphan's Court had jurisdiction to resolve the question of the appropriate party to whom the workers' compensation survivor benefits are payable pursuant to the Workers' Compensation Act (Act).[3]

---

**1.** According to Ioana's/Grandmother's brief, the issue of who should have primary legal custody of Jonathan was never litigated. The reproduced record shows that Jonathan lives with Angela/Mother Monday through Friday and with Ioana/Grandmother on the week-

ends. In addition, Ioana/Grandmother is a citizen of Greece not the United States.

**2.** In the interest of clarity, we have reordered the issues raised by AIG in this appeal.

**3.** Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §§ 1–1041.4; 2501–2626.

2. Whether Ioana/Grandmother had standing to pursue the relief sought and awarded by the Orphan's Court in this matter.

3. Whether the workers' compensation survivor benefits are payable to Angela/Mother, as guardian of Jonathan's person, pursuant to the Act.

First, AIG argues that the entitlement to worker's compensation survivor benefits under the Act is a matter exclusively within the jurisdiction of the Workers' Compensation Appeal Board. As support for this argument, AIG cites to Section 307 of the Act, 77 P.S. § 542, which governs payments to or on behalf of children or insane persons. AIG contends that therein, the Workers' Compensation Appeal Board has the discretion, if the best interest of a child so requires, to order that compensation payable to a child be paid to the guardian of such child. Thus, AIG argues, the Workers' Compensation Appeal Board has exclusive jurisdiction to determine the appropriate recipient of Jonathan's survivor benefits, not the Orphan's Court. We disagree.

█ Orphan's Court is a court of limited jurisdiction having only those powers expressly given to it by statute. *In re Shahan,* 429 Pa.Super. 91, 631 A.2d 1298 (1993), *petition for allowance of appeal denied,* 537 Pa. 666, 644 A.2d 1202 (1994). Section 711(6) of the Probate, Estates and Fiduciaries Code, 20 Pa.C.S. § 711(4), requires the Orphan's Court to exercise mandatory jurisdiction in the appointment, control and removal of the guardian of the person of any minor. Pursuant to Section 711(4), the Orphan's Court also has exclusive jurisdiction over the administration and distribution of the real and personal property of minors' estates. 20 Pa.C.S. § 711(4). Moreover, the courts of this Commonwealth have certain inherent rights and powers under the state constitution to do all such things as are reasonably necessary for the administration of justice. *L.J.S. v. State Ethics Commission,* 744 A.2d 798 (Pa.Cmwlth.2000).

█ Section 307 of the Act provides that the Workers' Compensation Appeal Board may, if the best interest of a child shall so require, at any time order and direct the compensation payable to a child to be paid to the guardian of such child. 77 P.S. § 542. The Act further provides that if there be no widow nor widower entitled to compensation, compensation shall be paid to the guardian of the child, or if there be no guardian to such other persons as may be designated by the Workers' Compensation Appeal Board. Section 307 of the Act, 77 P.S. § 561.[4] Therefore, children of a deceased worker are entitled to worker's compensation benefits in their own right only when the deceased worker is not survived by an eligible widow. *Anderson v. Greenville Borough,* 442 Pa. 11, 273 A.2d 512 (1971); *Snader v. Workers' Compensation Appeal Board (Arthur A. Brenize Trucking),* 777 A.2d 527 (Pa.Cmwlth.2001).

█ It is undisputed that this matter originated in the Orphan's Court when Jonathan's grandmother petitioned the Orphan's Court to appoint her guardian of Jonathan's estate and person. After Ioana/Grandmother was appointed guardian of Jonathan's estate by order of December 22, 2000, she made several unsuccessful demands on AIG for disbursement of the benefits due Jonathan. Despite the order of the Orphan's Court and being aware

---

4. Section 307 of the Act of June 2, 1915, P.L. 736 was divided into four sections and classified as Sections 542, 561, 562 and 581 of Title 77 of Purdon's Statutes. The Act of December 5, 1974, P.L. 782 amended Section 307 by, *inter alia,* merging the provision of 77 P.S. § 581 with the opening paragraph of Section 77 P.S. § 561 as a proviso.

that Ioana/Grandmother was making demands pursuant to that order that the benefits be paid to her as guardian of Jonathan's estate, AIG unilaterally distributed the accumulated worker's compensation survivor benefits to Angela/Mother: (1) without challenging the jurisdiction of the Orphan's Court; or (2) initiating an appropriate petition with the Bureau of Workers' Compensation. It was only when Ioana/Grandmother petitioned the Orphan's Court on December 17, 2001 to appoint PNC guardian of Jonathan's estate and AIG was later issued a citation to show cause why AIG should be enjoined from making further payments to Angela/Mother, did AIG raise the issue that the Orphan's Court lacked jurisdiction to order the payment of benefits in this matter. At this point, the Orphan's Court had already exercised jurisdiction; therefore, the Orphan's Court properly decided all questions relating to the issue of guardianship and administration of Jonathan's estate. *See Pope v. Dascher,* 429 Pa. 576, 583, 240 A.2d 518, 521 (1968) ("It is well established that orderly judicial procedure dictates that the court which first acquires jurisdiction over a matter be permitted to decide all questions relating thereto.").

 Moreover, there is no dispute that Jonathan is the person entitled in his own right to receive worker's compensation survivor benefits as there is no widow entitled to those benefits. Section 307 of the Act, 77 P.S. § 561. Pursuant to the Act, because Jonathan is a minor with a judicially appointed guardian, the benefits must be paid to that guardian. *Id.* As we have already pointed out, this matter originated in the Orphan's Court and the authority to appoint a guardian for Jonathan lies exclusively with that tribunal, not the Workers' Compensation Appeal Board. Nor does the Act attempt to confer that authority on the Workers' Compensation Appeal Board. AIG's construction of Section 307 of the Act, 77 P.S. § 542, wherein the Workers' Compensation Appeal Board is permitted in its discretion to pay benefits to a guardian of a child if that is in the child's best interests, misconstrues the Act and obliterates the jurisdiction of the Orphan's Court as conferred by statute. There is nothing in Section 307 of the Act which authorizes the Workers' Compensation Appeal Board to determine who should be the guardian of a minor receiving benefits pursuant to the Act or to resolve a conflict if there are two different persons or entities claiming to be the minor's guardian to whom the benefits are payable. The Act merely permits the Workers' Compensation Appeal Board to pay compensation to a guardian if one exists and, if one does not exist, to such other person as the Workers' Compensation Appeal Board may direct. 77 P.S. §§ 542; 561.

Accordingly, the Workers' Compensation Appeal Board does not have exclusive jurisdiction in this matter. To the contrary, the Orphan's Court has jurisdiction to determine the appropriate recipient of Jonathan's worker's compensation survivor benefits.

Next, AIG argues that Ioana/Grandmother lacked standing to pursue the instant petition. AIG contends that Ioana/Grandmother concedes that she was only appointed guardian of Jonathan's estate on December 22, 2000 and that as a result of her own petition, the Orphan's Court issued an order on December 17, 2001 appointing PNC Bank as guardian of Jonathan's estate. AIG argues that despite the fact that Ioana/Grandmother is no longer the guardian of Jonathan's estate or his person or that a fiduciary relationship does not exist between her and Jonathan, she filed the instant petition, not PNC Bank. AIG contends that the action

has been brought on her own behalf not Jonathan's. Thus, AIG argues, Ioana/Grandmother has no legal standing and the petition should have been dismissed.

■ Herein, the Orphan's Court recognized Ioana/Grandmother as a temporary *guardian ad litem* pursuant to Section 751 of the Probate, Estates and Fiduciaries Code, 20 Pa.C.S. § 751. Section 751(5) provides that the Orphan's Court, on petition or on its own motion, may appoint a *guardian or trustee ad litem* to represent the interest of a person not *sui juris*. 20 Pa.C.S § 751(5). In addition, a minor may be represented in a judicial proceeding by a *guardian or trustee ad litem* if the court deems necessary. Section 751(6), 20 Pa. C.S. § 751(6). The Orphan's Court may dispense with the appointment of a *guardian or trustee ad litem* for a minor if there is a living person *sui juris* having a similar interest. *Id.*

■ Herein, while Jonathan is the person affected by the wrongful distribution of his assets, Jonathan is not *sui juris* because he is a minor. While Angela/Mother is *sui juris*, her interests are adverse to Jonathan's because she is the recipient of the distribution by AIG of Jonathan's worker's compensation survivor benefits in the lump sum amount of $24,074.72. As pointed out by the Orphan's Court, as the recipient of these funds, Angela/Mother could very well be one of the parties profiting from or enjoying the benefits. Also, as stated by the Orphan's Court, Ioana/Grandmother is not requesting that distribution of these funds be made to her personally or as Jonathan's guardian but to PNC Bank, the guardian of Jonathan's estate. We agree with the Orphan's Court that but for the petition filed by Ioana/Grandmother, the Orphan's Court would have had no knowledge of the possible improprieties surrounding the dis-

tribution of Jonathan's worker's compensation survivor benefits.

Accordingly, we hold that the Orphan's Court acted properly when it appointed Ioana/Grandmother temporary *guardian ad litem* for the purpose of disposing of the petition for relief filed on Jonathan's behalf.

Finally, AIG argues that Jonathan's worker's compensation survivor benefits are payable only to the guardian of his person who in this case is his natural mother. AIG points out that the Act requires that compensation shall be paid to the guardian of any child if there is no widow. Section 307 of the Act, 77 P.S. § 561. AIG argues that Pennsylvania case law has made it clear that the intent of the Act is to provide benefits to children of deceased employees for the purpose of providing some means of support that they would have received had the parent not died as a result of their work injuries. AIG argues that in order for one's children to receive death benefits, one must function as the child's parent and assume all daily responsibilities commensurate with such a position. *See Hertz Corporation v. Workers' Compensation Appeal Board (Johnson),* 724 A.2d 395 (Pa.Cmwlth.1999), *petition for allowance of appeal denied,* 559 Pa. 696, 739 A.2d 1060 (1999). AIG contends that because Jonathan resides with Angela/Mother, who provides all parenting needs, she clearly acts as guardian of his person and the benefits should be paid to her on behalf of Jonathan and no one else.

■ Initially, we point out that the Act does not define the term "guardian." Pennsylvania law defines guardian as a person lawfully invested with the power, and charged with the duty, of taking care of the person and/or managing the property and rights of another person, who for defect of age, understanding or self-control

is considered incapable of administering his own affairs. *Rock v. Pyle,* 720 A.2d 137, 141 (Pa.Super.1998). There are two classes of guardians recognized at law: (1) guardian of the person being invested with the care of the person of the minor; and (2) guardian of the estate being entrusted with the control of the property of the minor. *Id.* Most importantly, the spheres of the authority of the guardian of the person and of a guardian of the estate are distinct and mutually exclusive. *Id.* Accordingly, a minor's estate interests are separate and distinct from matters of custody and guardianship.

In this case, PNC Bank is the current guardian of Jonathan's estate and the record shows that no one has been officially appointed guardian of Jonathan's person although, as his mother, Angela/Mother is the person having primary physical responsibility for the care and custody of Jonathan's person. As stated by the Superior Court in *Rock:*

> The guardian of the minor's person is the person having primary physical responsibility for the care and custody of the minor child. However, natural guardianship confers no inherent right to intermeddle with the property of the minor child, and the natural guardian has no inherent authority to demand or power to receive, hold or manage the minor's property unless the natural guardian has also been appointed as guardian of the minor's estate.

*Id.* In addition, Section 5112(3) of the Probate, Estates and Fiduciaries Code, 20 Pa.C.S. § 5112(3), provides that the Orphan's Court shall not appoint as guardian of the estate of minor any person who is a parent of the minor.

■    Accordingly, pursuant to the foregoing, the Orphan's Court did not err by ordering that Jonathan's worker's compensation survivor benefits be paid to the guardian of his estate, PNC Bank, and not Angela/Mother, the natural guardian of Jonathan's person.

AIG contends further that this Court's holding in *Ciaverelli v. Crime Victim's Compensation Board,* 153 Pa.Cmwlth. 639, 621 A.2d 1232 (1993), supports the position that Jonathan's worker's compensation survivor benefits under the Act are properly payable to his Angela/Mother and not PNC Bank. AIG states that in *Ciaverelli,* this Court affirmed the Pennsylvania Crime Victim's Compensation Board's decision that because the guardian of the minor's estate did not have physical custody of the minor, the boy's natural mother, with whom he resided, was properly regarded as his guardian for purposes of the Pennsylvania Crime Victim's Compensation Act.[5] AIG states further that this Court held in *Ciaverelli* that the purpose of providing compensation under the Crime Victim's Compensation Act was to relieve the financial burdens and losses suffered by the surviving dependents of innocent crime victims. AIG further contends that this Court concluded that paying the monies due to the minor under the Crime Victim's Compensation Act to the guardian of the minor's estate instead of the minor's person would not relieve the minor's loss of support but instead would create an estate for him.

AIG argues that the same reasoning applies here. AIG contends that the intent of the Act is to provide the financial support for the minor that he would have received if his parent had not died as a result of a work-related injury or accident.

**5.** The Crime Victim's Compensation Act is found in Sections 477 through 479.5 of The Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended, added by* the Act of July 9, 1976, P.L. 574, *as amended,* 71 P.S. §§ 180–7–180–9.5.

Therefore, AIG argues, the worker's compensation survivor benefits are payable to the guardian of the person of the minor and that person is Angela/Mother.

We disagree that this Court's decision in *Ciaverelli* requires that the benefits due Jonathan pursuant to the Act are payable to Angela/Mother as guardian of Jonathan's person for three reasons. First, *Ciaverelli* involved a claim under the Crime Victim's Compensation Act not the Workers' Compensation Act. Second, in *Ciaverelli*, the guardian of the minor's estate was appointed in his father's will, not as a result of any action in the Orphan's Court to appoint a guardian to manage the minor's property. This Court in *Ciaverelli* noted that while the guardian of a minor's estate is responsible for managing the property of a minor child, there was no property for which the claimant was responsible for managing because the minor's father died insolvent. Herein, a guardian of Jonathan's estate was appointed by the Orphan's Court to manage Jonathan's property. Third, unlike *Ciaverelli* where the matter commenced by filing a claim with the Pennsylvania Crime Victim's Compensation Board, the present matter originated in the Orphan's Court, a tribunal mandated by statute to exercise jurisdiction over the administration and distribution of the property of a minor's estate.

Accordingly, the Orphan's Court's order is affirmed.

### ORDER

AND NOW, this 3rd day of April, 2003, the order of the Allegheny County Court of Common Pleas, Orphan's Court Division, dated April 23, 2002, entered in the above captioned matter is hereby affirmed.

1. 77 P.S. § 542.

DISSENTING OPINION BY Judge McGINLEY.

I respectfully dissent to the majority's conclusion that the Workers' Compensation Appeal Board (Board) does not have exclusive jurisdiction in this matter and its conclusion that the Orphan's Court has jurisdiction to determine the appropriate recipient of minor Jonathan Thomas Stapas' workers' compensation survivor benefits.

The majority concludes that because the matter originated in Orphan's Court when the grandmother petitioned to be appointed guardian of the minor's estate and person, the matter should remain in the Orphan's Court.

When benefits are payable directly to a minor through a petition to establish guardianship, Section 307 of the Act[1] outlines the original jurisdiction of the Board. Section 307 provides "The Board may ... direct compensation payable to a child.... If there be no guardian ... of any minor ... the amount payable on account of such minor ... may be paid to such other person as the board may order and direct ..." 77 P.S. § 542.

Moreover, our Pennsylvania Supreme Court has reiterated that the Act establishes the exclusive forum for resolving "all disputes over coverage and the payment of benefits whether they arise from actions taken by the employer, the employer's insurance carrier, or the insurance carrier's employees or agents." *Alston v. Saint Paul Insurance Companies*, 531 Pa. 261, 268, 612 A.2d 421, 424 (1992).

Accordingly, I would find that the Board has jurisdiction over this controversy.