FRANK W. GOUDAILLER *et al. vs.* ZONING BOARD OF REVIEW OF THE CITY OF WARWICK.

NOVEMBER 15, 1957.

PRESENT: Condon, Roberts, Andrews and Paolino, JJ.

ANDREWS, J. This is a petition for certiorari to review and quash the decision of the zoning board of review of the city of Warwick granting the application of Anthony Petracca, Jr. of Providence for an exception or variance to use lots numbered 301 and 302 on assessor's plat No. 367,

owned by him in a residence B district on the corner of Oak Tree avenue and Edgewater Drive in Warwick, for the parking of cars and boat trailers of Warwick Boat Club members. The writ was issued and in compliance therewith the board has made due return to this court of a certified copy of the records of its proceedings.

The application states that the provision of the zoning ordinance upon which it is based is section VI (A) 1 and that the grounds for the exception or variance are: "Edgewater Drive would be more accessible by having autos in a designated lot. Since boating is at an increase it would be wasteful not to accept this potentiality." The photostatic copy of the plat which is in the record shows that Edgewater Drive, as its name indicates, runs along Apponaug Cove; that the lots in question abut on it; and that petitioner's lots are next inland from those of the applicant.

At the hearing the applicant was sworn but whether he testified is not clear. A member of the boat club testified that the club had twenty-one members who would use the property only on Saturdays, Sundays and holidays for five months of the year, and that the granting of the application would alleviate parking which had heretofore been on the street.

. The petitioner Frank W. Goudailler testified that he intended to build another house on his property for his in-laws and he objected to the application, since he was of the opinion it would "devaluate" his property, would create a bad situation for children who swim in that area, and would bring trash, oil cans, etc., to the beach area. The president of the Edgewater Beach Improvement Association presented a petition signed by eighty-one real estate owners in opposition to the application. He stated that there are some twenty-five families in the association, who are all-year-round residents of Warwick, and that they were of the opinion that allowing parking on these lots, which are directly across from the beach and which the residents

have kept clean, would be detrimental to the beach. Other landowners in the area testified to the same effect. There was further testimony by a few residents that the arrangement would be beneficial to both sides.

As is often the case, a show of hands was asked by the board and of those present twenty-nine were against the petition and twenty-one in favor thereof, the latter being members of the club, only one of whom lives at Edgewater Beach. As reasons for granting the application, the board stated: "Whereas testimony reveals that there has been traffic congestion in the area, and Whereas testimony further reveals that in addition to this congestion fire apparatus and emergency vehicles have been blocked by this congestion, and Whereas it is the feeling of this Board that a specified parking area for the members of this boat club would tend to alleviate this situation; therefore, be it resolved that this petition be granted on those grounds for a period of three (3) years * * *."

The petitioner's first point is that the applicant takes nothing from sec. VI (A) 1 of the ordinance which is referred to in the application. Counsel for the board agrees with this position although he argues that while the board is not obliged to grant an application except on the section referred to therein, it can, if it chooses so to do, grant it upon any other section of the ordinance if the evidence warrants such action. He now relies upon sec. XV (A) 3 of the ordinance which reads as follows: "In appropriate cases and subject to appropriate conditions and safeguards to make special exceptions to the terms of this Ordinance where the exception is reasonably necessary for the convenience and welfare of the public."

As is shown by the above-quoted reasons given by the board, its decision is based upon the alleviation of congestion in the street. The board admits that the duty to solve that problem did not devolve upon it but was reposed in the board of police commissioners. This, of course, is the

case. See *Di Palma* v. *Zoning Board of Review,* 72 R. I. 286, 288. The board of review cannot, under the broad language of the quoted provision of the zoning ordinance, draw to itself powers and duties which clearly belong to other departments of government. Therefore the decision cannot be sustained as an exception.

It is equally clear that the decision cannot be sustained as a variation or, as it is commonly called, a "variance."

Section XV (A) 2 of the ordinance reads: "To authorize upon appeal in special cases such variances in the application of the terms of the Ordinance as will not be contrary to the public interest where, owing to special conditions, a literal enforcement of the provisions of the Ordinance will result in unnecessary hardship and so that the spirit of the Ordinance shall be observed and substantial justice done."

In *Heffernan* v. *Zoning Board of Review,* 50 R. I. 26, at page 30, we stated: "We regard the term 'hardship', as used in the ordinance, to have some reference to the degree of the interference with ordinary legal property rights, and to the loss or hardship which would arise therefrom. We think the expression should be interpreted to refer to a 'hardship' peculiar to the situation of the applicant, which is of such a degree of severity that its imposition is not necessary to carry out the spirit of the ordinance, and amounts to a substantial and unnecessary injustice to the applicant." We have consistently adhered to that definition. *Tripp* v. *Zoning Board of Review,* 84 R. I. 262, 123 A.2d 144.

One of the witnesses "questioned" whether the applicant's lots could be used for buildings but another thought they could be so used. The statement of the first witness falls far short of proof of "hardship" as we have defined that word.

The petition is granted and the decision of the respondent board is quashed.

*Edwin B. Tetlow,* for petitioners.

*Robert H. Breslin, Jr.,* Assistant City Solicitor, for respondent.