DECISION
This is an appeal from a decision of the Zoning Board of Review of the Town of East Providence (the "Board"). The appellants — Shirley Prisco Hoard, John Prisco and William Prisco (collectively, the "Appellants") — are appealing the Board's March 4, 1998 decision granting Perry McStay Funeral Home Inc. ("McStay") a use variance allowing the construction of a parking lot facility in a residential zone. Jurisdiction is pursuant to G.L. 1956 § 45-24-69.
 Facts/Travel
The defendant owns and operates a funeral home located at 2553 Pawtucket Avenue in the Town of East Providence. On February 2, 1998, McStay filed an application for a "use variance" under the zoning ordinance for the town of East Providence. The application requested the establishment of a parking lot in a residential district directly adjacent to the McStay Funeral Home. Specifically, the application sought the use of an abutting lot, Parcel No. 3, Map 307, Block 23 for off street parking for the funeral home which is located on Parcel No. 2, Map 307, Block 23. The subject parcel, the abutting lot, is zoned residential R-4.
Located on the property is a historic home. Although this home is considered historic, it is not officially on the historical register. The existence of this home presents a problem to McStay in that he must remove, demolish, or physically move said house in order to convert the property into a parking lot. The defendant McStay wishes to alleviate traffic and on street parking problems that he contends are currently associated with the funeral home by removing the historic home and developing a parking facility in its place. McStay assured the Board that he would make efforts to sell the house located on the property before instituting any demolition[1]
A hearing on defendant's application for a use variance was held on March 4, 1998, at which the Board unanimously voted to recommend the approval of the application based on its findings of fact. On behalf of McStay, the Board heard expert testimony from Wilder Gates, a licensed landscape architect, and William Coyle, III, a real estate appraiser. The Board also heard testimony in favor of McStay's application from David O'Connell, a resident who lives directly across from the McStay Funeral Home. Mr. Gates informed the Board of the quality of the landscaping that would be provided for the proposed parking lot facility. He testified to the specific work that was to be done on the parking lot; detailing the plans of the landscape project. He added that the lot would be "very green," "very enhanced" and "form an even better buffer to abutting properties." (Tr. at 11).
The Board also heard testimony from William Coyle, a real estate appraiser with eight years of experience. Mr. Coyle stated that in his opinion the parking lot would have no effect on any of the surrounding property values. He also testified that the lot as developed would act as a "nice buffer" offering protection between residential uses and commercial uses which causes the least effect on surrounding properties. In his expert opinion Coyle found that the parking lot was compatible with surrounding land use, that the lot would not create a nuisance and that it would not hinder future development of the city. (Tr. 15-16).
Various people spoke in support of the application. David O'Connell a resident of the neighborhood provided testimony to the Board regarding street parking problems associated with the funeral home during calling hours. Mr. O'Connell testified that many cars park in front of his house on Brightridge Avenue during calling hours, sometimes parking on the grass in front of his house. He also testified that it is difficult for him to enter his driveway because of the number of cars parked on the street. Mr. O'Connell also testified as to the condition of the house located on the property and opined that it was very ordinary. (Tr at 31).
Also during the March 4, 1998, hearing the Board heard David Kelleher, Chairman of the East Providence Historic Properties Commission. Mr. Kelleher expressed the Historic Commission's opposition to the removal of the home impressing upon the Board the significance of the preservation of historic homes in the City of East Providence. The Board also heard from neighbors, including the appellant's, who submitted to the Board a petition which opposed the plan. The neighbors opposed the application claiming it would decrease the value of their property, create problems with water runoff, add noise from Pawtucket Avenue once the building on the lot was removed, and create a discontinuity among the properties in the area.
In granting the application, the Board made the following findings of fact:
 "1) the use is compatible with the neighborhood land use
 2) that the use does not create a nuisance in the neighborhood
 3) that the use does not hinder the future development of the City
 4) that the use conforms with all applicable sections to the use requested and
 5) that the applicant would be deprived of any beneficial use of this property if the applicant is required to conform to the provisions of the Zoning ordinance."
The instant appeal timely followed.
The appellants present several arguments on appeal. The appellants argue McStay failed to meet the burden of proof necessary in granting a use variance. Additionally, they argue that the Board's decision is in direct violation of the Rhode Island Zoning Enabling Act of 1991 because there are inadequate findings of fact in its decision. Finally, appellants argue that the Board erred in reaching its conclusion because there are no findings of fact that are in conformity with East Providence's Comprehensive Plan.
 Standard of Review
This Court possesses appellate review jurisdiction of a zoning board of review decision. Pursuant to G.L. § 45-24-69(D):
 "(D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
When reviewing the decision of a zoning board of review, this Court must examine the entire certified record to determine whether substantial evidence exists to support the finding of the zoning board of review. Salve Regina College v. Zoning Bd. ofReview, 594 A.2d 878, 880 (R.I. 1991) (citing DeStefano v. ZoningBd. of Review of Warwick, 122 R.I. 241. 245, 405 A.2d 1167, 1170 (1979)); see also Restivo v. Lynch, 707 A.2d 663 (R.I. 1998). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a scintilla but less than a preponderance." Caswell v. George Sherman Sandand Gravel Co., Inc., 424 A.2d 646, 647 (R.I. 1981) (citingApostolou v. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978)). The essential function of the zoning board of review is to weigh evidence with discretion to accept or reject the evidence presented. Bellevue Shopping Center Associates v. Chase,574 A.2d 760, 764 (R.I. 1990). Moreover, this Court should exercise restraint in substituting its judgment for the zoning board of review and is compelled to uphold the board's decision if the court "conscientiously finds" that the decision is supported by substantial evidence contained in the record.Mendonsa v. Corey, 495 A.2d 257 (R.I. 1985) (quoting Apostolou v.Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978)).
 Use Variance
Section 45-24-31(61)(a) of the Rhode Island General Laws defines a use variance as "[p]ermission to depart from the use requirements of a zoning ordinance where the applicant of the requested variance has shown by evidence upon the record that the subject land or structure cannot yield any beneficial use if it is to conform to the provisions of the zoning ordinance." G.L. 1956 § 45-24-31(61)(a). The requirements for a use variance are set forth in § 19-45 of the Code of the City of East Providence, and they are modeled on those requirements set forth in G.L. 1956 § 45-24-41. Section 19-45 states in pertinent part:
 "(a) In granting a variance, the zoning board shall require that evidence to the satisfaction of the following standards be entered into the record of the proceedings that:
 (1) The hardship from which the applicant seeks relief is due to the unique characteristics of the subject land or structure and not to the general characteristics of the surrounding area, and not due to a physical or economic disability of the applicant (personal hardship shall not be considered grounds for a variance, since the variance will continue to affect the character of the neighborhood after title to the property has passed.)
 (2) Such hardship is not the result of any prior action of the applicant and does not result primarily from the desire of the applicant to realize greater financial gain;
 (3) The granting of the requested variance will not alter the general character of the surrounding area or impair the intent or purpose of this chapter or the city comprehensive plan upon which this chapter is based; and
 (4) The relief sought is the least relief necessary
 (b) The zoning board of review in addition to the above standards, requires that evidence be entered into the record of the proceedings showing that:
 (1) In granting a use variance the subject land or structure cannot yield any beneficial use if it is required to conform to the provisions of this chapter."
The ordinance section § 19-280 from which McStay seeks relief states in pertinent part: "Notwithstanding any other provisions of this chapter off-street parking for commercial use or industrial use as required in this chapter shall not be permitted in any residential or open space zone." The defendant argues that substantial evidence exists on the record to support the requirements of § 19-45 of the City Code of East Providence. The burden of proof in an administrative hearing is on the applicant. Strafach v. Durfee, 635 A.2d 277 (1993). As stated in § 19-45(b)(1), in seeking a use variance, McStay has the burden of proving the property could not yield any beneficial use if it was required to conform to the provisions of the zoning ordinance. The Board must consider whether the denial of the request would deprive the owners of all beneficial use of their property so as to amount to a confiscation of the property. Rozesv. Smith, 120 R.I. 515, 388 A.2d 816 (1978).
The complete record is devoid of testimony that all beneficial use of the property would be lost. The only place such verbiage appears is in the Board's final order where it states: "the applicant would be deprived of any beneficial use of this property if the applicant is required to conform to the provisions of the zoning ordinance." Although required to by § 19-45, the Board did not make any explicit findings that the subject land could not yield any beneficial use if it was required to conform to the provisions of the zoning ordinance, and there is no evidence of record regarding same.
To obtain a variance, the applicant must establish that a real hardship stemming from the unique characteristics of the land or structure exists. Under this standard, without variance relief an indirect confiscation of the property would occur as a result of the hardship. Id. The record lacks evidence regarding unique circumstances of the land or property thereon. Rather, the unique circumstance associated with the property is the condition of the house now on the property. Mr. McStay testified that the "property in its present condition is uninhabitable" and "in dire need of rehabilitation" and that he did not have the "expertise to work on it." (Tr. at 19) However, McStay also testified that he purchased the home from an elderly man who was also living in the home prior to its sale. (Tr. at 20). McStay's attorney stated that the interior of the home was "poor to terrible" and he estimated that it would cost "one hundred thousand dollars to fix." (Tr. at 20). He also stated that you would have to spend all that money up front but if money is not an issue, then, that's salvageable but I don't think you get your investment back." (Tr. at 22). However, it is well settled that "statements of economic unfeasability that are mere conclusions and are unsupported by financial statements or cost data do not constitute probative evidence." Gaglione v. DiMuro, 478 A.2d 573, 576 (R.I. 1984) (citation omitted).
McStay argues that the variance was not granted merely for personal convenience. In support of this contention he sites the reasoning of a Board member who stated that "the house would not last in its condition." (Tr. at 65). The record demonstrates that a residential use of the historic home is certainly available, albeit with renovation. As noted economic hardship resulting from a renovation does not constitute lack of all beneficial use. Id. There is no evidence to support that this economic hardship would be so severe that it would constitute a confiscatory taking. McStay may use the lot for residential purposes.
It is recognized that "a mere showing of a more profitable use that would result in a financial hardship if denied" does not satisfy the requirements for obtaining a use variance. RhodeIsland Hospital Trust v. East Providence Zoning Board of Review,444 A.2d 862, 864 (R.I. 1982). The mere fact that a use may be more profitable or that a structure may be more valuable after the relief is granted is not grounds for relief. G.L. 1956 § 45-24-46(D)(2). Moreover, an applicant may not rely on "a naked assertion of economic unfeasability" but must present truly probative evidence to the zoning board, such as cost data or financial statements. Gaglione, A.2d at 576 (citation omitted). Although McStay contends that the variance he is seeking is not for financial gain but primarily to reduce traffic problems, this Court notes an increase in parking availability would also attract more business and thus provide greater financial gain.
Additionally, the applicants' burden was to prove that a parking lot facility would not alter the general character of the surrounding area, a zoned residential area. In support of this contention McStay presented a real estate expert who testified that based on his findings, the parking as proposed would have no effect on surrounding property values; and that it is compatible with neighboring land use; that it will not create a nuisance in the neighborhood and it would not hinder future development of the city. These findings do not evidence compliance with the East Providence Comprehensive Plan. The East Providence Comprehensive Plan describes the Kent Heights neighborhood as "nearly all residential, except along portions of Warren and Pawtucket Avenues, which are commercially developed." The Board expressed concern that the plan would not comply with the Comprehensive Plan. Mr. Saveory stated "my main concerns are on this is it is, you know, definitely as the Planning Department is saying, it's making an intrusion into, you know, the area that we have designated as a residential-type area, and it's not conducive to the Comprehensive Plan." However, another Board member stated in regard to the proposed plan that "if we approve this, we're just giving a variance for merely parking, not for commercial use, that would have to go before the council for a zone change." (Tr. at 55). The requested use, however, is for commercial purposes in a zoned residential. The appellant notes that the defendant, in order to achieve relief from this ordinance, may petition the East Providence City Council for a zone change and request a change in the City's Comprehensive Plan.
The relief offered by a variance is to be the least relief necessary § 19-45. The Board allowed relief from the permitted residential use in allowing a parking lot facility. The record does not reveal that this is the least amount of relief necessary, nor does the Board articulate in its findings of facts that this is the least relief necessary. Standish Johnson Co. v.Zoning Board of Review of City of Pawtucket, 103 R.I. 487,238 A.2d 754 (1968). The only inquiry by the Board is whether there is any other means of accomplishing the plan without granting the variance. Mr. Morra stated "Mr. McStay have you looked into any other means of achieving your parking concerns without removing this structure?" (Tr. at 18). Mr. Morra suggested he utilize the property located in the rear of the subject property behind the home. Mr. McStay informed the Board that such an option would be impossible to perform because the grade difference in the properties was too great. (Tr. at 18).
The appellant additionally argues that the zoning board has failed to make the requisite findings of fact necessary to grant a use variance. A zoning board of review is required to make findings of fact and conclusions of law in support of its decisions in order that such decisions may be susceptible to judicial review." CPW v. City of Cranston, 684 A.2d R.I. (1996). A zoning board should "pinpoint the specific evidence upon which [it] base[s] [its] findings." Hopf v. Board of Review of Newport,102 R.I. 275, 230 A.2d 420, 428 (1967). Zoning boards run the risk of reversal if the court is unable to find sufficient grounds for the decision. Hopf v. Zoning Board of Review ofNewport, 102 R.I. 275, 230 A.2d 420, 428 (1967).
The findings by the Board do not support the granting of a use variance pursuant to 19-45. In supporting their final findings, the predominant reasons among the Board members were that the variance would reduce traffic congestion and that the landscaping would preserve the neighborhood[2]. Such considerations are not elements under a use variance analysis to determine a hardship. See Goudallier v. Zoning Board of Review ofCity of Warwick, 135 R.I. 427, 135 A.2d 839 (R.I. 1957) and Colev. Zoning Board of East Providence, 94 R.I. 265, 179 A.2d 846
(R.I. 1962). Also of concern was that the house would be offered for sale. Mr. Morra stated: "I vote aye reluctantly, but because Mr. McStay is willing to put a stipulation on this property, and I take him at his word for it that he will make an honest effort to advertise this property and see that it is saved." (Tr. at 64). The chairperson in his final reasoning supporting the granting of the variance stated that "I honestly believe the house won't survive the lot whether McStay kept the lot, sold the lot, whatever. "The house will not survive in the condition it's in." (Tr. at 65). These findings do not demonstrate that the applicant would be denied all beneficial use of his land if he were denied a use variance.
After review of the entire record, this Court finds that the Board's decision prejudiced substantial rights of the appellant. The decision is affected by error of law and is clearly erroneous in view of the reliable, probative, and substantial evidence of the record. Accordingly, the decision of the Board is reversed.
Counsel shall submit the appropriate judgment for entry.
[1] In an effort to sell the home, McStay, offered the house for sale for the consideration of one dollar. Despite advertising the property in several local newspapers, McStay found that no buyers came forward.
[2] Shirley Prisco offered lay testimony that the parking lot is "rarely overflowing" and that people park on the street merely for "convenience" and that "they are not parking there because the parking lot is full." She estimated that they have "overflow" problems about "ten times a month" (Tr. at 39-40).